## AMPLIUS BLAKE *v.* MOSES PECK.

ORANGE,
July,
1839.

The release of a doubtful right is a sufficient consideration to support a promise.

If P. executes to H. his note with the understanding that it is to be indorsed to B., knowing all the facts relating to the matter in settlement, for which the note is given, the note is not void as having been obtained by fraud, though both H. and B. may have expressed to P. an opinion that was unfounded as to his rights growing out of those facts."

ASSUMPSIT on a promissory note, payable on demand to Moses L. Hart or bearer, and by him indorsed to plaintiff.

Plea, Non assumpsit, issue to the country.

Upon the trial in the county court, the execution and indorsement of the note having been proved, the defendant introduced testimony tending to prove the following facts, viz. ;—

Sometime before the execution of the note in question, four or six horses of the defendant's were attached, at the suit of one of his creditors, and he procured the said Hart to receipt them to the sheriff. A judgment was obtained by the attaching creditor, a writ of execution issued thereon and the horses were advertised for sale, by the sheriff, to satisfy the execution. The defendant had dealings with Baylies & Hart who had an account against him, and to whom the defendant had delivered certain notes of hand, to the amount of several hundred dollars, which were then in the hands of said Hart, he being one of said firm. The defendant held the receipt of Baylies & Hart for said notes, which were to be accounted for on settlement. When the horses were so advertised, the defendant agreed with Hart that the latter should buy them at the sheriff's sale, and permit them to go into the defendant's hands, and Hart was to sell of the notes so receipted, enough to raise money to pay the amount of Hart's purchase of the horses at the sheriff's sale. Hart bid off the horses accordingly, and the purchase money was raised, by him, according to that agreement. After this, the plaintiff, having a debt against Hart, attached the same horses as Hart's property. While the horses were in the possession of the officer, on this attachment, there was an interview between the plaintiff and the defendant and said Hart, and the plaintiff was then informed how the said purchase money was raised and paid to the sheriff. The

plaintiff then proposed to the defendant that if he would give his note to the plaintiff, for the amount so paid to the sheriff, plaintiff would receive it on his debt against Hart, and release the attachment on the horses. Afterwards the defendant executed the note now in suit, to Hart, who endorsed and delivered it to the plaintiff's attorney, and the plaintiff's attachment was released and the defendant received the horses. At the interview above mentioned it was understood, and said, both by the plaintiff and Hart, to the defendant, that if the defendant gave his note, he could hold Baylies & Hart to account to him for the whole amount of the receipt. After the delivery of the note to the plaintiff, the defendant commenced a suit on said receipt against Baylies & Hart, who filed their declaration, in account, in offset, which was referred to auditors. On the trial before the auditors the defendant claimed of Baylies & Hart the whole amount of the receipt, which being objected to, the auditors decided that the amount raised out of the notes and paid to the sheriff, as aforesaid, should be deducted from the amount of the receipt, and Baylies & Hart were made accountable for the balance only.

The defendant requested the court below to charge the jury, that, if they believed the testimony, the defendant was entitled to recover. The court declined so to charge the jury, but charged them, that if, from the testimony, they found that the defendant executed the note in question and delivered it to the plaintiff, on his, the plaintiffs, debt against Hart, and for which the plaintiff was to release said horses, and it was so received by the plaintiff, and that said horses were thereupon released to the defendant, the plaintiff was entitled to recover, unless he was guilty of a fraud in procuring the note, by making false representations to the defendant as to holding Baylies & Hart for the whole of said receipt, upon which the defendant relied.

The jury returned a verdict for the plaintiff, and the defendant excepted.

*Wm. Upham,* for defendant.
*L. B. Peck,* for plaintiff.

The opinion of the court was delivered by

BENNETT, J.—It is urged in the argument that the plain-

tiff is not entitled to recover on his note, inasmuch as it is without consideration, and was also obtained through fraud. We will proceed to examine each of these objections.

The horses had been attached by the present plaintiff as the property of Hart, and the plaintiff proposed to the defendant, that if he would execute his note for the amount of Hart's bid, he would receive it on his debt against Hart, and discharge his attachment, and the note was accordingly executed, payable to Hart's order, and by him indorsed to the plaintiff, and the attachment dissolved.

It is not necessary for us to decide whether, from the facts reported in the exceptions, the plaintiff had absolutely the right to attach the horses as the property of Hart. If his right were a doubtful one, no principle of law is better settled than that the release of a doubtful right is a sufficient consideration to support a promise. Chitty on Contracts, p. 384, American Edition. Longridge v. Dorville, 5 B. & A. 117. Zane v. Zane, 6 Munf. R. 406.

The horses were bid off by Hart, in his own name, and he was ostensibly to be the owner of them. Whatever trust or secret understanding there might have been between him and the defendant, it is evident that as it respects the plaintiff, he had at least a doubtful right to regard the horses as the property of Hart.

It is difficult to see what ground the defendant has to complain of fraud. He gave the note fully understanding the whole transaction between him and Hart, and though the plaintiff may have expressed an opinion to the defendant, that he could hold Baylies & Hart responsible for the whole amount of their receipt, in case he gave the note, yet this can be but matter of opinion, about which the defendant, being privy to all the facts, could as well judge as the plaintiff. Besides, this question of fraud was submitted to the jury. The court instructed the jury that the plaintiff was entitled to recover, unless he was guilty of fraud in procuring said note, by making false representations to the defendant as to holding Baylies & Hart

responsible for the whole of said receipt, upon which the defendant relied.

In any view of the subject which we can take, we do not see that the defendant has any good ground to complain of the decision of the court below.

The judgment of the county court is, therefore, affirmed.