CALEDONIA,
*March,*
1842.

Gilman
*v.*
Moore.

</div>

---

## HARVEY C. GILMAN *v.* WILLIAM MOORE.

A note, payable in good well-finished plows, is not to be controlled by parol evidence, showing that it was also agreed, when the note was given, that if there should be improvements in the pattern the holder of the note should be entitled to have plows of the improved pattern.

The defendant, to pay a note payable in the month of February, in good well-finished plows, on the last day of the preceding January, set apart, at the place of payment, plows of the description required, marked with plaintiff's name, sufficient to pay the note, and the plows remained at that place in the same condition, for the purpose of paying the note, from that time through the month of February, and *it was held* that a second turning out of the property, in direct terms, in the month of February, would be a useless act, and not required to bar an action on the note, and that the property in the plows vested in the plaintiff and the note was thereby paid.

If, after this, the plows were still permitted to remain at the same place, it could not affect this question, though the property might afterwards have been damaged, or carried away by some one, through the negligence of the defendant.

ASSUMPSIT, on a promissory note, given by the defendant to the plaintiff for fifty dollars, payable in good well-finished plows, at the defendant's shop, in the month of February, 1840. On the trial in the county court it

appeared that on the last day of January, 1840, the defendant set aside plows to the amount of said note, marking the name of the plaintiff on each plow, and the same plows remained at some rods from the shop where they were first placed, through the months of February, March, April and May, when this suit was commenced. It did not appear that there was any other tender or turning out of the plows than above stated, or that any one examined them during the above period. About the first of May, it was noticed that the wheels had been taken from two of the ploughs after the last day of January.

The plaintiff offered the deposition of one Calkins which tended to show that he was present when the note was given, and that it was agreed that, in case there should be any improvement made by the defendant in the pattern of their plow, the plaintiff was to have the improved kind in payment of the note, and it was further shown that the defendant did make several improvements upon said pattern, but the plows turned out were of the kind made anterior to the giving of the note, and not of the kind made when the note fell due. The deposition was objected to by defendants, and rejected by the court.

The plaintiff requested the court to instruct the jury that, in order to have made a tender which would have satisfied the note, the defendant ought to have had the plows examined on the day the note fell due, and have then declared his intention to apply them in payment of said note ; but the court instructed the jury that if a sufficient number of plows, and of the kind and quality described in the note, were set apart for the purpose of paying this note, and were kept in that condition and for that purpose until and through the last day of February, 1840, and that this was done by the defendant and at the place of payment, which was admitted to be in this case at the defendant's shop, this would be a sufficient tender to defeat a recovery upon the note, notwithstanding they were originally turned out on the last day of January preceding, and no renewed act of turning out was performed by defendant.

The jury returned a verdict for the defendant, and the plaintiff excepted to the decision and charge of the county court.

*E. Paddock*, for plaintiff.

We contend that there was no legal tender in this case. 1. The tender was not made when the note fell due, but was made one month before it fell due, and Gilman had no knowledge of the transaction. The note was payable in the month of February, 1840, in plows, at the defendant's shop; and the law is well settled that a tender of the plows should have been made in the latter part of the last day of February, unless notice had been given to the defendant that the payment would be made at an earlier day in the month. No such notice was given. Bac. Abr. Tender D., 14, 15, 16. Stark. Ev., 1396.

2. The tender was not sufficient in amount. If sufficient, it was because the wheels and coulters were in the plows on the last day of February ; but that fact does not appear. No one examined the plows after the 31st day of January, until the first of May, when two of the wheels and coulters were missing. Therefore, it does not appear that the wheels and coulters were attached to the plows on the last day of February, at which time the note fell due. And it is not sufficient to say, because they were there on the 31st day of January, it is to be presumed that they were on the 28th day of February. The plaintiff wants the payment of his note in something more substantial and tangible than presumption.

3. Had the wheels and coulters been in on the last day of February, then the plaintiff could sustain an action against the defendant as bailee, for not keeping them safely, for they were " carried off some rods from the shop," and left exposed to be plundered. But no such action can be sustained, for the reason that no one knows whether the wheels were in or not when the note fell due. 1 Swift, 294.

4. It does not appear that on the last day of February the defendant intended the plows for the plaintiff, for he neither performed any act nor made any declaration manifesting such intent. After the last day of January he might have changed his mind and taken the wheels and coulters from the plows with his own hands and for other uses.

5. It is contended that the deposition of Calkins ought to have been admitted, because it did not contradict nor vary the written contract. And it is well settled that where

parol evidence does not contradict the written, it is admissible. 3 Starkie, 1047. The note was payable in plows, and the deposition was to the quality only.

*M. Hale* and *W. Upham*, for defendant.

1. The deposition offered in the court below was properly excluded. It went to contradict the note declared upon, and we take it to be well settled that parol evidence is inadmissible to supply or contradict, enlarge or vary, the words of a promissory note, or other instrument in writing.

" Where the terms of an agreement are reduced to writing," says Mr. Starkie, " the document itself, being constituted by the parties as the true and proper expositor of their admissions and intentions, is the only instrument of evidence in respect to that agreement, which the law will recognize so long as it exists, for the purposes of evidence." 3 Starkie's Ev. 1002.

It is also a well settled principle that, where an agreement has been reduced to writing, evidence of oral declarations made at the same time shall not be admitted to contradict or alter it. *Pitkin* v. *Brainard* 5 Conn. R. 451. *Van Ostrand* v. *Read*, 1 Wend. R. 424, 432. *Ripley* v. *Paige*, 12 Vt. R. 353. *Pickering* v. *Dawson*, 4 Taunt. R. 778. *Tayloe* v. *Briggs*, 1 Peters' R. 596. *Shankland* v. *The Corp. of Washington*, 5 Peters' R. 390. *Hunt* v. *Rousmanier*, 8 Wheat. R. 174. *Sprigg* v. *Bank of Mount Pleasant*, 14 Peters' R. 201. *Williams* v. *Hathaway*, 19 Pick. R. 387, 314.

2. The charge in the court below was correct. If such plows as the note described were set apart for the plaintiff and marked with his name, and were ready for him at the place of payment, on the day it became due, the tender was good and this action must fail.

The opinion of the court was delivered by

BENNETT, J.—The note upon which this action is brought is payable ' in good, well-finished plows.' The parol evidence of the agreement, made at the time the note was given, that if there should be improvements in the pattern, the plaintiff should be entitled to receive on the note plows of the improved kind, was rightfully excluded. The effect of it is to vary the operation of the note, and, instead of the

note's being payable 'in good, well-finished plows,' which
doubtless would include such as were of ordinary use, at the
time the contract was entered into, it would be confined to
such as should be subsequently made, according to the im-
proved pattern.

The more important question in the case arises upon the
tender. The note was payable in *the month* of February.
The case finds that on the last day of January, 1840, the de-
fendant set apart plows, of the kind and quality described in
the note, to the amount of the note, and marked the plain-
tiff's name on each one of them, and they remained near the
defendant's shop, where they were turned out, down to and
through the month of May, when the note was sued. As
the plows were turned out before the note became due, they
did not, at that time, vest in the plaintiff, and the note was
not then paid. The note, by its terms, being payable *in the
month* of February, the defendant might pay it any day in
the month. Under the charge of the court the jury must
have found that the plows were turned out for the purpose
of paying the note, and were kept in that condition, and for
that purpose, from that time through the month of February.
It is said, in argument, that about the first of May it was dis-
covered that the wheels of two of the plows had been taken
away, but there is no evidence that this was done before the
note became payable, and the jury have negated the fact that
it occurred before the first of March. The jury, then, have
found that there was a continuation of, or keeping good, the
tender or turning out of the property up to and through the
last day upon which the note was payable. The law never
requires a useless act, and we can see no reason why the
defendant should be again required to turn out the property
in direct terms. It had been expressly turned out, set apart,
and marked with the plaintiff's name. The jury have found
the *purpose* and the *intent* with which it was done, and that
the plows were kept in the same place and condition down
to the first of March. The effect of the finding of the jury
must be to vest the property in the plows in the plaintiff, and
the note is thereby satisfied. See *McConnell* v. *Hall*, Bray-
ton's R. 223. It was of no consequence to the parties that
the defendant should have caused the plows to be examined
on some day upon which the note was payable, except it

might have the more readily furnished him with the means of proof. If we admit that the defendant, as is contended, after this became the bailee of the property, still the payment of the debt would not be affected, though the property might have been damaged or carried away through his neglect. The remedy, in such case, would be by a special action for such negligence.

The judgment of the county court is affirmed.