RUTLAND & BURLINGTON R. R. CO. *v.* MORTON COLE.

*Promissory note. Beneficially interested, can sue. Parol evidence. Declaration:*

It is now regarded as settled law in this State, that a person beneficially interested in a simple contract, or in a promissory note, may sue and sustain an action in his own name, upon the same.

And where C., for assessments upon stock in the Rutland & Burlington R. R. Co.,

gave his note, "for value received payable to the order of Samuel Henshaw, treasurer, &c." It was held, that the plaintiffs might, by parol evidence, show that they are the persons from whom the consideration moved, and to whom the note was in fact given.

And it was also held, that an action might be sustained upon the note in the name of the Corporation.

And it was also held, that in declaring upon the note, it was not necessary for the plaintiffs to alledge in their declaration, that the note was made payable to them, by the name of their treasurer.

ASSUMPSIT upon a promissory note. Plea, the general issue, and trial by the court, September Term, 1851,— POLAND, J., presiding.

On trial, the plaintiffs gave in evidence the note declared upon, signed by the defendant, and dated, October 15, 1849, and which was in these words,—" Three months after date, for value received I promise to pay to the order of Samuel Henshaw, treasurer, &c. three hundred dollars, at the Farmers and Mechanics Bank, with interest." The plaintiffs also proved that Samuel Henshaw was treasurer of said corporation, and that said note was given for assessments upon shares, in said company, owned by the defendant, and that the said company had been accustomed to take notes payable to the treasurer, for assessments on the stock.

The defendant objected to the evidence to prove the facts above stated, also to the note, and insisted that the plaintiffs could not recover. 1. Because there is a variance between the note and the declaration. 2. That the action could not be sustained, in the name of the plaintiffs, on said note.

The court overruled the objections, and rendered judgment for the plaintiffs to recover the amount of said note. Exceptions by defendant.

*Peck & Bailey* for defendant.

The action is improperly brought and cannot be sustained in the name of the plaintiffs — the legal interest being in Henshaw — on the face of the note the addition of the word treasurer to the name of the person does not vary the construction of the note, as it does not appear of what person, company, or corporation he is treasurer; therefore, Henshaw, and Henshaw alone can sue, and

parol testimony tending to show the interest in the plaintiffs, was improperly admitted.

It is a well established principle of commercial law, that the legal interest in promissory notes and bills of exchange is, in the party appearing on the face of the instrument, and consequently in him the sole right to sue.

The general current of authorities is, that where the principal and agent are both named in the instrument, the action must be in the name of the agent, and the cases are uniform in England and in the several states, that where the agent is named with the simple addition of his agency, trust, or office, and the principal not named, the action can be brought only in the name of the agent or person named in the body of the instrument, and the principal cannot be introduced as a party by parol evidence. Contracts under seal, bills of exchange and promissory notes are subject to this rule, while in simple contracts, made by or in the name of an agent, a different rule in some cases applies when the principal is discovered. It is important that in cases of negotiable paper the parties should appear upon the face of the instrument. *Cramlington* v. *Evans*, 1 Shower R. 4. 2 Ventris, 307. *Barker* v. *Mech. Ins. Co.*, 3 Wendall R. 94. *Van Ness* v. *Forrest*, 8 Cranch, 30. *Hills* v. *Bannister*, 8 Cowen R. 31. *Hunt* v. *Van Alstyene*, 25 Wend. R. 601. *Buffum* v. *Chadwick*, 8 Mass. R. 103. *Bank U. S.* v. *Lyman & Etal*, 20 Vt. R. 666. *Vt. Cen. R. R. Co.* v. *Clayes*, 21 Vt. R. 30,

In the case of *Manchester* v. *Slason*, 13 Vt. 334, the note upon which the suit was brought was payable to the order of the defendant, (Slason) and by the defendant indorsed in blank to the plaintiffs and filled up —" pay to M. Clark, Esq., Cashier,"— and the court held the action well brought in the name of the Bank citing in support of their opinion; the case of *Farmers & Mechanics Bank* v. *Day*, 13 Vt. 36, in which the point does not seem to have been raised. The note having been indorsed to the plaintiffs in blank, and thus the property in the note in them, it was competent for them to fill up the indorsement to themselves, or having filled it up, to the Cashier to strike out this part of the indorsement and fill it up to the Bank.

There is a distinction between indorsements which may be stricken out and filled up on trial, according to the fact and cases arising upon the face of the note or bill.

In *Middlebury* v. *Case*, 6 Vt. 165, the note was given to the selectmen of the town and it was there decided, that the action was rightly brought in the name of the town. The court put the case upon the ground that the Statute of 1817, gave the right of action to the town, and by force of this Statute the action was rightly brought in its name. Nor does it appear that the selectmen were named in the note, except by their office.

The earliest case upon this subject in this State, is the case of *Arlington* v. *Hinds*, 1 D. Chip. 431. This it must be admitted, is no authority for this case at bar, differing from it, as it does in three very important respects.

1. The note in this last case was payable to "Luther Stone, town treasurer, or his successors in office." By the Statute of 1817, all actions given by law to certain officers of town, among which is the treasurer, were to be brought in the name of the town.

2. The court proceeded upon the ground that at that time the law merchant was not in force in this State as applicable to promissory notes, but that they stood upon the same basis as simple contracts, concerning which contracts, promising none of the negotiable character that belongs to promissory notes, a different rule has been applied. The difference in the rule obviously depending upon the different character of the instrument, but it has been subsequently decided in this State, that the law merchant is applicable to promissory notes. .

3. The court proceeded upon the ground that the note being dated at *Arlington*, and payable to " Luther Stone, town treasurer, or his successors in office," it thereby indicated the town of which Stone was treasurer, and thus disclosed the name of the *principal*, and that it was the same as if it had been payable in terms to Luther Stone, town treasurer of *Arlington*, and thus the legal interest upon the face of the note in the town of Arlington.

. Even if parol evidence is in any case admissible, it cannot in this case, vary or control the note. If an individual or firm are in the practice of taking notes in the name of a clerk, it can be sued only in the name of such clerk, and it makes no difference that the word *clerk* is added to the name of such paper. The parol evidence in this case only shows that it is not a case of a misnomer, as it shows the note was so taken by design and payable to a real party.

There is a variance between the declaration and the note offered in support of it. The note is payable to Samuel Henshaw, and the declaration declares upon the note payable to the Rutland and Burlington Rail Road Company. If an action can be sustained in the name of the plaintiffs it can only be by declaring on the note as payable to Rutland and Burlington Rail Road Company, by the name of Samuel Henshaw, treasurer, treating it as a misnomer, but the evidence shows it is not a case of misnomer, as the note was taken payable, by design, to the plaintiffs, and by their direction.

*D. A. Smalley* for plaintiffs.

The plaintiffs' right to recover is resisted on the ground, the corporation is not a party to the contract, and cannot maintain the action.

This case is not distinguishable in principle from the previous decisions of the Supreme Court of this State in the cases of *Arlington* v. *Hinds*, 1 D. Chip. Rep. 431. *Whitelaw, Treasurer of Passumpsic Turnpike Co.* v. *Cahoon*, 1 D. Ch. 295. *Farmers & Mechanics Bank* v. *Day*, 13 Vt. 36, and *Bank of Manchester* v. *Slason*, 13 Vt. 334.

In the case of *Arlington* v. *Hinds*, the note was made payable to Luther Stone, town treasurer, or his successors in office,— and it was held that parol evidence was admissible to prove that Stone was treasurer of Arlington, and that the consideration moved from,—and that the action was well brought, in the name of the town. In the case of *Whitelaw, Treasurer, &c.*, CHIPMAN, Ch. J. held that the treasurer of the corporation could not maintain an action in his own name, on a contract made in the name of such treasurer,—but must be brought by the Company in their corporate name. The case of the *Farmers & Mechanics Bank* v. *Day*, was an action of assumpsit upon a bill of exchange, indorsed by defendant Day to " C. F. Warner, Cashier, or order." Parol evidence was admitted by the court, to show that Warner was cashier of the bank, and that the action was properly brought by the corporation. And the case of the *Bank of Manchester* v. *Slason*, was also an action of assumpsit on a bill of exchange, indorsed in blank, and filled up thus :—" pay to M. Clark, Esq., Cashier." Parol evidence was admitted to show that Clark was

Rutland and Burlington R. R. Co. v. Cole.

cashier of the bank, that it was the uniform mode of indorsing paper to banks.

Henshaw was a mere agent of the corporation and had no beneficial interest, in the note. The consideration moved from the company to the defendant, and he knew at the time that he was not dealing with Henshaw in individual capacity. The defendant being a member of the corporation was bound to know their custom of taking notes.

In the case of the *Vt. C. R. R. Co.* v. *Clayes*, 21 Vt. Rep. 12, 30, the same principle adjudged in the above cases was recognized by the court.

The defendant relies upon the case of the *U. S. Bank* v. *Lyman et al*, 20 Vt. 666, decided in the Circuit Court of the United States by Judge PRENTISS, wherein it was held that the bank could not recover upon a promissory note, executed by defendants and made payable to " Samuel Jaudon, Esq., Cashier, or order," upon a debt due the plaintiffs, and that Jaudon was their cashier, acting merely as agent for them in taking the note, and had no interest in it whatever.

That case, perhaps, militates against the rule established by the State Court; but the decisions of our own courts which have been so long established and adhered to, should be held conclusive of the rule of the common law of this State.

BY THE COURT. This is an action for a promissory note, made payable to Samuel Henshaw, Treasurer, &c. And upon the trial, the plaintiffs gave parol evidence to show that Henshaw was at the time treasurer of their company, and that the debt for which it was given was theirs. The only question in the case is, whether upon this proof, it is competent for the plaintiffs to maintain the action in their own name.

The very able argument addressed to us on behalf of defendant would abundantly satisfy us, if we had entertained doubts, that by the general commercial law 'of most countries, where the common law of England prevails, a promissory note, like the present, must be sued in the name of Henshaw. That is the result of the very learned opinion of Justice PRENTISS, in the Circuit Court of the United States in the *Bank of the U. S.* v. *Lyman et al.*, 20 Vt. R.

But in this State, since the case of *Arlington* v. *Hinds*, 1 D.

Chip., a different rule has prevailed, and has been constantly practiced upon and repeatedly recognized, by the courts of the State, to such an extent as to be regarded as the settled law of the State. This being the case, we should not feel justified in changing the same, by a mere arbitrary determination of this court, unless some important end of justice was thereby to be subserved. And we cannot perceive how it can be of much importance, whether a promissory note, before indorsement, follows the rule of other simple contracts, as to the right of action, or is restrained to that which obtains in the case of specialties. For all practical purposes a promissory note, before it is negotiated, is a simple contract debt, and although it imparts a consideration, it is open to proof, that none in fact existed, which is not the case of a specialty. And if the defendant is allowed to defeat the recovery, by showing that no consideration passed, we see no very serious objections to allowing the plaintiffs, in a case like the present, to show that they are the persons from whom the consideration moved, and to whom the note was in fact given.

From the case of *Binney & Broadhead* v. *Plumley*, 5 Vt. R. 500, I should infer that a suit might also be maintained in the name of the person to whom the note is in terms made payable. But it is clearly settled that the person beneficially interested may sue upon simple contract; and *Arlington* v. *Hinds*, puts promissory notes on the same ground. We do not think it is important to alledge in the declaration, that the note was made payable to the plaintiffs by the name of their treasurer, although that is perhaps the more common form of declaring, and said to be more formal and technical. But certainly not indispensable after judgment, if indeed it would be even upon special demurrer, which I should seriously question. *Bailey* v. *Onondago Ins. Co.*, 6 Hill, 476.

Judgment affirmed.