JAMES E. MORSE, EXECUTOR OF JOHN A. MORSE'S ESTATE, *v.* KATE M. LOW, ADMINISTRATRIX OF WILLARD W. LOW'S ESTATE.

*Parol Evidence to vary Written Instruments. Witness. Chap. 36, § 24, Gen. Stats. Appeal from Probate.*

A written instrument cannot be enlarged, varied or contradicted by parol testimony. Therefore parol evidence, that at the time a note was given it was the understanding that the principal was never to be paid unless the payee should need it and call for it in his life-time, directly varies and does away with a material part of the note, and is not admissible. And if such an understanding should be had subsequently to the making of the note, it would then be an unexecuted promise of a gift, and could not be upheld either at law or in equity.

By the term "contract in issue," in the 24th section of chap. 36, Gen. Stats., is meant the contract in issue and on trial, and where a party would be disqualified by that statute, by reason of the other party being dead, from testifying to the contract in issue and on trial, he might be a witness to testify to another contract or transaction between himself and the deceased person which comes into the case collaterally, and as a fact bearing collaterally upon the contract or cause of action in issue and on trial, and which has the effect to establish that the contract in issue and on trial never existed.

An appeal from probate, founded on the report of commissioners, which appears to be general, where the whole claim is recoverable in one suit and in one form of action, brings up the whole case, and all items of the claim are properly before the county court for decision.

APPEAL from the probate court. The case was referred to a commissioner, who reported as follows:

There was presented on the part of the plaintiff estate, which was a *testate* estate, by the executor of the will, the note hereto annexed, and also an account on demand, for the payment of a colt, and items for money lent. Willard W. Low, against whose

estate the claims are presented, by the executor of John A. Morse, was a son-in-law of said John A. Morse, having married his daughter, who is the widow of said Willard W. Low, and administratrix of his estate. In respect to the execution of the note no question was made, but it was insisted, on the part of the defendant estate, that it was given for money furnished by said John A. Morse to the said Willard W., upon and in pursuance of agreements, conditions and circumstances, as hereinafter mentioned. John A. Morse, being a man at that time advanced in years, was desirous that Mr. Low should take the money, and that he should receive the note of the said Willard W. therefor, with interest payable annually, and if he, the said John A. Morse, should need or require the interest from time to time, to support or maintain and provide for himself, or any other person dependent upon him, during his life, he, the said Willard W., was to pay the same ; but if the interest, or any part thereof, should remain unpaid at his, the said John A. Morse's decease, then such part and the whole principal should be and remain the sole property of the said Willard W., without account to any person whomsoever, and that the same was not to be accounted for as a part of the share of his estate that his daughter, Mrs. Willard W. Low, might have therein either as heir or legatee. This offer to prove, or to give evidence tending to prove, the defense above insisted upon, was objected to by the plaintiff estate, for the reason that it would in effect be admitting parol testimony, to change, alter, and affect the tenor of the note, and also for other reasons. This objection the commissioner overruled, and admitted the testimony. Among other testimony and evidence offered by the defendant estate to establish and substantiate the defense as above set forth, the defendant estate presented the widow of the said Willard W. Low, and administratrix as above stated, as a witness to testify in respect to the same. To her admission as a witness, and also to her testimony generally, the plaintiff estate objected, and the commissioner overruled the objection and received the testimony. Her testimony tended to show that the note was given under the circumstances, understandings, conditions, and agreements before mentioned, and as claimed by the defendant estate. Her testimony was also received in respect to all the items in the account.

The commissioner reported that he is satisfied from *all* the evidence produced before him that said note was given with the understanding and agreement, and under the conditions before mentioned, as claimed by the defendant estate, and that all that part of the note, be the same either principal or interest, remaining unpaid, was not to be collected or paid by said Willard W.

Low, after the decease of the said John A. Morse, to any person whomsoever, and was to be and remain the property of said Low, without further account, and he therefore disallows the claim for said note. The commissioner, however, informed the court that he does not feel himself justified to come to this conclusion without the testimony of the said Mrs. Kate M. Low, and without this testimony he must find that the note is still due and unpaid. That is to say that, in his opinion, the evidence in the case is not sufficient to defend the claim made upon and by virtue of said note, without her testimony.

In respect to the item in the account, charged for "Colt Jim," the commissioner reports that it was a horse raised by the said John A. Morse, and by him delivered to the said Willard W. Low, as a gift or present to his daughter, the said Kate M. Low, and was so intended at the time, but that fact the commissioner cannot find, if the testimony of the said Mrs. Low is rejected and decided to be inadmissible by the court. The matter will stand in the same manner as is before stated in regard to the note, and if the court should be of the opinion that the testimony of Mrs. Low should not have been received, then the commissioner would allow for the colt as charged in the account. As to the items of the account for cash lent, or loaned, the commissioner disallows the same, as the testimony of Mrs. Low tended to show that the same had been paid or settled for, but the commissioner finds that the same ought not to be allowed, although the testimony of Mrs. Low should be rejected by the court. All the proof which was presented to the commissioner to substantiate these charges was merely some memoranda of account in a small book, kept by the said John A. Morse, partly as an account book, and partly as a *diary*. To admit that, and use the same as all the evidence there was in the case, with which to charge the defendant estate, both parties to the account or transaction being dead, seems to the commissioner to leave the matter in too vague and unsatisfactory condition, and he therefore disallows them.

These items, for money loaned, were allowed by the commissioner on the estate of Willard W. Low in favor of plaintiff estate, and the plaintiff estate objected to the right of defendant estate to now contest those matters before this commissioner, the appeal having been taken by the plaintiff estate only.

The following is a copy of the note referred to :

"WEST HARTFORD, March 25, 1865.

"For value received, I promise to pay John A. Morse, or bearer, five hundred dollars, on demand, and interest annual."

(Signed)          W. W. LOW.

The court, BARRETT, J., presiding, at the December term, 1870, rendered judgment, *pro forma*, for the defendant upon the report, to which the plaintiff excepted.

*Dudley C. Dennison*, for plaintiff.

The note is collectable, for it is a legally binding *written* contract, and cannot be altered by parol evidence.

Par. Contracts, vol. 2, pp. 60, 62; 5 Vt., 152, *Bradley* v. *Anderson.* " Parol evidence is inadmissible for the purpose of altering the legal operation of an instrument by evidence of *an intention* to that effect which is not expressed in the instrument." *Farnham* v. *Ingham & Frizzle*, 5 Vt., 514 ; *Bradley* v. *Bentley*, 8 Vt., 243 ; *Pingry* v. *Watkins*, 17 Vt., 379 ; *Lowry* v. *Adams*, 22 Vt., 160 ; *Brown* v. *Hitchcock*, 28 Vt., 453 ; *Norton* v. *Downer*, 31 Vt., 407 ; *Bradley* v. *Pike*, 34 Vt., 215.

The charge for " colt Jim " should be allowed to the plaintiff, for Mrs. Low, being the party to the contract, cannot be allowed to testify, the other party, Mr. Morse, being dead.    Gen. Statutes, ch. 36, § 24.

The plaintiff alone appealed ; and from the judgment or decree in favor of the plaintiff in the action on book, no appeal was claimed by the defendant.    In appeal from decisions of commissioners appointed by probate court, only such decisions are opened as are against the party appealing.    Here are really *two* actions : one in assumpsit on the note, and the other on book for the " colt " and the " money loaned."    In the former the plaintiff was defeated and appealed, which is this action.    In the other the plaintiff recovered a balance, i. e., the amount of the money loaned, and neither party appealed.

*S. E. &. S. M. Pingree*, for the defendant, cited *Edw. Adams* v. *Adm'r of Friend Adams*, 21 Vt., 162; Greenleaf on Ev., vol. 1, § 338, ( 10th ed.) ; *Williams* v. *Baldwin*, 7 Vt., 503 ; Session Laws of 1852, No. 13.

The opinion of the court was delivered by

Ross, J.    I.    The principle that a written instrument cannot be enlarged, varied, or contradicted by parol testimony is too

elementary and too well established to require the support of authorities. The evidence offered by the intestate estate, and received by the commissioner against the objection of the testate estate, and from which the commissioner has found that it was the understanding, at the time the note was executed, that the note given by the intestate to the testator was never to be paid, except the interest, if the testator should need and call for it during his lifetime, directly varied and did away with the material parts of the note. It reduced the note from an absolute promise to pay five hundred dollars with the interest annually, to a conditional promise to pay some part of the interest only, if the testator should require it for his own support, or for the support of any one dependent on him, and should call for it in his lifetime , and from a promise to pay the testator or bearer, to a promise to pay, upon a contingency, the testator alone. In short, it entirely destroys the note as such. We know of no authority, have been cited to none, for thus varying, or rather abrogating a written contract by parol evidence. The books are full of authorities against the admissibility of such testimony. We do not think this result would have varied if the case found — which it does not — that this arrangement was entered into subsequently to the loan of the money and execution of the note. It would then become an unexecuted promise of the testator to make a gift to the intestate of the principal of the note, and whatever interest remained uncollected at the decease of the testator, which cannot be upheld at law or in equity. There is no pretence of any consideration for the promise. Without reference to whether Mrs. Low could be a witness in the case, the plaintiff is entitled to recover the amount of the note and interest.

II. The commissioner finds, if Mrs. Low's evidence is admissible, that the colt charged was delivered by the testator to the intestate, as a gift to Mrs. Low. "The contract or cause of action in issue and on trial," was, whether the intestate purchased the colt of the testator. Neither of the parties to that cause of action is living. Mrs. Low, the administratrix of the intestate, is interested in her husband's estate, and to show that the colt was delivered by the testator as her property, and not as her hus-

band's property. The statute, Gen. Stats., ch. 36, § 24, has removed all disqualifications by reason of interest in the event of the suit. Mrs. Low was not a party to the contract or cause of action in issue and on trial, and does not fall within that provision of the above section which declares, " where an executor or administrator is a party, the other *party* shall not be admitted to testify in his own favor, unless the contract in issue was originally made with a person living and competent to testify." By " contract in issue " is meant " the contract in issue and on trial." The contract to which Mrs. Low testified was not the one in issue and on trial, but another contract or transaction between herself and the testator, which comes into the case collaterally, and as a fact bearing collaterally upon the contract or cause of action in issue and on trial, has the effect to establish that the contract in issue and on trial, and which the estate of the testator is attempting to enforce, never existed. She does not come within the disqualification of the statute. This is the construction which the court has repeatedly placed upon this statute. *Cole* v. *Shurtliff,* 41 Vt., 311 ; *Manufacturers' Bank* v. *Scofield,* 39 Vt., 510 ; *Lytle* v. *Bond's estate,* 40 Vt., 618 ; *Hollister, adm'r.,* v. *Young,* 42 Vt., 403. Admitting Mrs. Low's testimony, and the commissioner finds that the plaintiff is not entitled to recover for the colt.

III. The only remaining question is, whether the charges for cash lent, which were allowed against the defendant estate by the commissioners on that estate, came up to the county court on the appeal by the plaintiff estate. All the items which the plaintiff estate presented to the commissioners appointed by the probate court, were recoverable in a single suit in assumpsit. They found but one claim. The commissioners, as was their duty, indicated what part of the plaintiff's claim consisted of a note, and what part of book account items. Nothing has come to our attention to show that in taking the appeal, the plaintiff estate appealed only from a part of the action of the commissioners and of the probate court in reference to the claim of the plaintiff estate. The appeal appears to have been general, and as such, would bring the whole claim of the plaintiff estate before the county court. This, we think, would be the effect where the claim was

recoverable in one suit and one form of action. So far as the case reveals, we think the items for cash lent were properly before the county court. No question is made but these items must be disallowed from the facts found by the commissioner appointed by the county court.

The result is, the *pro forma* judgment of the county court for the defendant is reversed, and judgment rendered for the plaintiff to recover the amount of the note with interest and costs.