LaMountain *v.* Miller.

---

## HATTIE L. LaMOUNTAIN AND JOSEPH LaMOUNTAIN *v.* CROSBY MILLER, ADM'R.

*Witness, one party deceased.* R. L. s. 1003. *Gift. Facts to be found by the Commissioner.*

1. The defendant's intestate was both father and guardian of the female plaintiff. While having some of her money in his hands, the father purchased an organ for her; and the question being whether it was a gift; *Held,* that she was not a witness.
2. The commissioner reported that he based his finding upon the "whole testimony"; the court below ruled, and correctly, that a part of it was

LaMountain *v.* Miller.

inadmissible, but rendered a judgment sustaining the report. *Held,* error; that jurisdiction of the facts belonged solely to the commissioner, and the court could not have known what the finding would have been with the evidence excluded.

APPEAL from the Probate Court, allowing the account of Augustus Harlow, deceased, as guardian of his daughter, now the wife of the plaintiff, Joseph LaMountain. The account was presented for allowance by the defendant administrator. Heard on the report of a commissioner, December Term, 1883, TAFT, J., presiding. Judgment sustaining the report that the organ was a gift. The defendant excepted to the report on the ground that the female plaintiff was allowed to testify in her own behalf. The main contention was whether the estate should be allowed $130, paid for an organ which the father bought for his daughter, and now owned by her, she claiming that it was a gift.

*William E. Johnson,* for the defendant.

Under all the decisions in this State, the female plaintiff was incompetent as a witness. *Cole* v. *Shurtleff,* 41 Vt. 311; *Walker* v. *Taylor,* 43 Vt. 612; *Davis* v. *Savings Bank,* 48 Vt. 532; *F. M. F. Ins. Co.* v. *Wells,* 53 Vt. 14; *Hull* v. *Hamblett,* 51 Vt. 589; *Benoir* v. *Puquin,* 40 Vt. 199. Her testimony did not relate to a collateral matter, as in *Morse* v. *Low,* 44 Vt. 561.

*French* and *Southgate,* for the plaintiffs.

Hattie was a competent witness. *Davis* v. *Partridge,* 19 Vt. 431; *Wheelock* v. *Moulton,* 13 Vt. 430; *Wakefield* v. *Herrick's Est.,* 38 Vt. 82; *Yates* v. *Pelton,* 48 Vt. 314. The statute, R. L. ss. 1002, 1003, was intended to remove, not to create, disabilities. *Lytle* v. *Bond,* 40 Vt. 618; *Morse* v. *Low,* 44 Vt. 561. At the most the question was only a collateral one. *Bank* v. *Scofield,* 39 Vt. 590; *Morse* v. *Low. supra; Stevens* v. *Joyal,* 48 Vt. 291.

LaMountain *v.* Miller.

The opinion of the court was delivered by

VEAZEY, J. The ruling of the County Court as to the competency of the plaintiff Hattie as a witness was correct. The question in issue and on trial was whether the money, charged in the items of the guardian's account, was paid by him out of his ward's money, or was paid as a gift by him to, or in behalf of, the ward, who was his daughter. The case is stated concisely by the commissioner as follows: "It was conceded that the credit side of said account was correct, and no question was made but that all the items entered on the debit side of said account were received by the said Hattie, but she claimed that they were gifts to her from her father." This applied to all but the probate fee item of $1.80, in respect to which there was no dispute. The ground upon which the plaintiffs insist that Hattie could properly testify upon the point made by *her* claim is that it was collateral to "the contract or cause of action in issue and on trial." We do not think it was. It was a matter directly between the father and daughter, the guardian and ward, as to the character in which the money was paid and received. Was it the gift of a father or the payment of a guardian out of trust funds? It was not another and different transaction that controlled the one in issue as in *Morse v. Low*, 44 Vt. 561, and other cases referred to in argument, but it was a question of intent and understanding of the parties as to what this transaction was. One of those parties being dead, the other is excluded as a witness by the statute. The purpose and scope of the statute have been discussed in so many cases, further discussion would be but profitless repetition.

The County Court after thus ruling upon this question proceeded to render judgment upon the report. In this we think there was error. Hattie was allowed to testify by the commissioner against the objection and exception of the defendant, and she did testify upon the whole ground of her claim. The commissioner reports that he based his finding that the payment was intended as a gift upon the "whole testimony." As this included inadmissible testimony, the court could not know what the find-

ing of the commissioner would have been with that testimony ex-
cluded. The evidence was not before the County Court except
brief extracts. Jurisdiction of the facts belonged solely to the
commissioner, and it was his province to find them from legal
evidence. He reported general conclusions from all the evi-
dence, not alternative conclusions upon the whole and upon the
part not objected to. The same objections to rendering a judg-
ment pertain to this court as pertained to the County Court.

We do not regard the question of the propriety of applying
the trust funds to the purchase of an organ for the ward as
properly before us for determination as the case stands.

Judgment reversed, cause remanded to be recommitted to
the commissioner to find and report the facts upon legal evidence.