GEORGE C. McCLOY'S ADMRX. *v.* EDWARD S. WATKINS.

January Term, 1915.

Present: POWERS, C. J., WATSON, TAYLOR, and HEALY, JJ.

Opinion filed January 23, 1915.

*Compromise and Settlement—Validity—Undue Advantage—*
*Presumptions—Doubtful or Disputed Claim—Promise to*
*Pay—Consideration.*

It will not be presumed, but must be proved, that one was induced to
   make a settlement by menace, duress, or undue advantage taken of
   his situation.

The compromise of a doubtful claim that was honestly made on rea-
   sonable grounds is a good consideration for a promise to pay
   money in settlement.

GENERAL ASSUMPSIT. Heard on an agreed statement of
facts at the September Term, 1914, Rutland County, *Slack,* J.,
presiding. Judgment for defendant to recover his costs. The
plaintiff excepted.

The agreed statement of facts shows the following: In the
year beginning May 1, 1903, the intestate conducted a liquor
business in the city of Rutland, under a license of the second
class, having associated with him one John J. Parris. Parris
died in the winter following, his widow becoming administratrix
on his estate. At the end of the term of the license, (May 1,
1904,) there was on hand a small stock of liquors, a few articles
of furniture and fixtures, and a continuing lease of the premises
where the business had been carried on. In the spring of 1904,
the city voted "no license." In the spring of 1905, the city
again voted "license," and the intestate was granted a license
of the second class. About the same time he entered into negoti-
ations with the defendant, whereby on the 24th day of April of
that year, the latter advanced to the intestate the sum of fifteen
hundred dollars to be used, as stated in the receipt given by him
therefor, to pay for the license granted him "and further ex-
penses connected with said license in which said McCloy takes
said Watkins in as equal partner in said business." Two days

later the defendant advanced to the intestate the sum of two hundred fifty dollars, it being one-half of the rent of the store for the previous year, "as agreed to." On August 21, 1905, defendant advanced to the intestate the further sum of two hundred dollars, to be used, says the receipt given therefor, "to settle for Mrs. Parris one-half int. in stock." On January 2, 1906, the intestate repaid to the defendant the sum of one thousand dollars, and on February 1, 1906, the further sum of five hundred dollars. On May 7, 1906, this defendant brought suit at law, declaring in account that from the first day of May, 1905, to the first day of May, 1906, he and the intestate were partners and jointly interested in carrying on the business of retailing intoxicating liquors in the city of Rutland, and that the intestate received from and out of the profits thereof the sum of ten thousand dollars over and above his just share, and should render an account of the same; and on June 5, 1906, this defendant brought a suit in equity against the intestate, in which a dissolution of said partnership, the winding up of its affairs, and an accounting by the intestate were sought. In the suit at law the intestate's property was attached. In the equity suit, a temporary injunction was issued restraining the intestate from taking away, destroying, or secreting any of the books, vouchers, notes, or papers theretofore used in conducting the said business, from selling the goods or property of the partnership, except in the usual course of business, and from converting any of the money or proceeds of the business to his own use, until further order of court.

The defendant further claimed that the intestate was indebted to him for other moneys advanced, aggregating one hundred fifty dollars; also that he was an equal owner with the intestate of the stock of liquors, of the fixtures, furniture, and merchandise in the store, and that he was entitled to one-half of the profits of the business which had been carried on there. The intestate denied the advances last mentioned, and denied that there then was, or ever had been, a partnership, or joint ownership of the property, between them.

When matters between the parties stood as above set forth, negotiations for settlement were had between them, and on some day in July, 1906, it was agreed by them that the intestate should pay to the defendant the sum of $6,500 in settlement of all matters embraced in the two suits mentioned, and also in full for all advances and claimed advances of money by the defendant

to the intestate. During the entire negotiations for the settlement and in effecting the same, each party was assisted and advised by an able attorney or attorneys.

Pursuant to this agreement of settlement, the two suits were discontinued by the defendant. Later the intestate gave the defendant an agreement in writing to save him harmless from any claim or demand that might thereafter be made on him by reason of any interest he may have had in said business, or relation to the same; and the defendant gave to the intestate a written release of all right, title, interest and estate he had in said business, and from any and all claims in his favor against the intestate, except what remained unpaid upon the agreement of settlement. A part of the sum thus to be paid, was paid by the intestate, in his lifetime, and the remainder was subsequently paid by the administratrix of his estate. It is to recover back the money paid under the compromise agreement, that this suit is prosecuted.

*J. A. Merrill* and *Charles L. Howe* for the plaintiff.

*T. W. Moloney* and *F. S. Platt* for the defendant.

WATSON, J. The plaintiff says that the defendant's claim in discharge of which the payments were made, was known by him to be without foundation, false, and fraudulent; and that the intestate was induced to make the settlement in question by menace, duress, and undue advantage taken of his situation and circumstances; and that consequently the payments made may be recovered back in this action.

What the effect might be if the facts so stated by the plaintiff were established, we need not consider; for it does not appear that the defendant's claim which entered into the settlement was without foundation and so known to him, nor does it appear that the intestate was induced to make the settlement by menace, duress, or undue advantage taken of his situation and circumstances, and neither of such facts will be presumed. *Colston* v. *Bean,* 78 Vt. 283, 62 Atl. 1015. The compromise of a doubtful claim, honestly entertained on reasonable grounds, is a good consideration for a promise. *Holcomb* v. *Stimpson,* 8 Vt. 141; *Blake* v. *Peck,* 11 Vt. 483; *Babcock* v. *Hawkins,* 23 Vt. 561; *Bel-*

*lows* v. *Sowles,* 55 Vt. 391, 45 Am. Rep. 621. It follows that in rendering judgment for the defendant, there was no error.

*Judgment affirmed.*