M. H. ALEXANDER *v.* ADELARD CHEVALIER ET AL.

February Term, 1924.

Present: WATSON, C. J., POWERS, TAYLOR, SLACK, and BUTLER, JJ.

Opinion filed November 6, 1924.

*Bills and Notes—Collection Suit—Necessity of Sufficient Affidavit of Defense Under County Court Rule 8—Burden of Proving Want of Consideration—Note Prima Facie for Valuable Consideration—Necessity of Setting Forth Facts in Affidavit of Defense to Show Want of Consideration—Sufficiency of Consideration for Compromise of Claim—Insufficiency of Affidavit of Defense to Show Want of Consideration—Liability of Accommodation Makers to Holder for Value—Absolute Promise in Note to Pay Cannot Be Changed by Evidence of Prior or Contemporaneous Parol Agreement—Insufficiency of Affidavit of Defense to Show Fraud—Action on Note Payable to Attorney for Another Properly Brought by Attorney.*

1.   Under county court rule 8, the plaintiff in a collection suit is entitled to judgment, unless a good and sufficient defense is set forth in the affidavit of defense.

2.   In action on a promissory note, where defense is want of consideration, the burden of establishing the issue is upon the defendant.

3.   Under Negotiable Instruments Act, § 24 (G. L. 2894) every negotiable instrument is deemed *prima facie* to have been issued for a valuable consideration.

4.   In action on a promissory note facts relied upon in defense as

showing want of consideration must be set out in affidavit of defense.

5. The compromise of a claim, though doubtful, if based on reasonable grounds honestly entertained, affords a sufficient consideration.

6. In action on a promissory note, affidavit of defense *held* insufficient to show want of consideration.

7. In such an action, where face of note showed defendants to have signed as makers, under Negotiable Instruments Act, § 60 (G. L. 2929) their engagement was to pay the note according to its tenor, and they would be liable on such note to a holder for value though merely accommodation parties and known to be such by the holder at the time he took instrument.

8. Negotiable instrument, expressing on its face an absolute promise to pay, cannot be cut down into a conditional promise, nor enlarged, varied, or contradicted by evidence of a prior or contemporaneous parol agreement.

9. In action on promissory note, facts alleged in affidavit of defense *held* not to show fraud as a defense.

10. Where a note was made payable to an attorney, with the words "Attorney for" and the name of the person for whom he was attorney written immediately following such attorney's name, suit thereon was properly brought in the attorney's name, the added words being merely descriptive.


ACTION OF CONTRACT on a promissory note. Heard on plaintiff's motion for judgment on ground of insufficiency of affidavit of defense at the April Term, 1923, Franklin County, *Chase,* J., presiding. Motion granted. The defendants excepted. The opinion states the case. *Affirmed.*

*Watson & McFeeters* for the defendants.

*M. H. Alexander* and *D. W. Steele* for the plaintiff.

TAYLOR, J.    The plaintiff had declared specially on the following note:
"$2,500.00            St. Albans, Vt., September 29, 1921.

Ten days after date we promise to pay to the order of M. H. Alexander, Attorney for Clara G. Wood, Twenty-five Hundred

Dollars at the Franklin County Savings Bank and Trust Company, Value received.

Adelard Chevalier

Oliver Chevalier

Louis Messier

Joseph Messier"

(Stamp)

The defendants were and are residents of this State, and the other signers of the note were and are residents of the Province of Quebec. Pursuant to G. L. 1824 the action is prosecuted against the parties only who reside in Vermont. The hearing in the court below was on the question of the sufficiency of an affidavit of defense.

In substance, the facts set up in defense are these: On September 29, 1921, Joseph Messier, one of the signers of the note, was arrested at Swanton, Vermont, on an action brought by Clara G. Wood of Everett, Massachusetts, returnable to the Franklin county court. The complaint charged that on a day named the plaintiff's husband, Ernest H. Wood, in company with one E. J. Hearst, who was the owner and operator of a certain automobile, called upon the defendant; that while there Messier sold and delivered intoxicating liquor to Wood and Hearst, who drank the same in Messier's presence; that thereby Hearst became intoxicated to such an extent that he was rendered wholly unfit to operate the automobile in which he and Wood were riding, all of which was well known to Messier; that by reason of the premises, and while Hearst was operating the automobile in such condition, it was run against the abutment of a certain bridge in the town of Georgia, in Franklin County, with such force that the plaintiff's husband was killed. The alleged sale of intoxicating liquor took place in Canada. While Messier was held on the capias he entered into an arrangement for his release which included the execution of the note which is the basis of this suit. The execution of the instrument by the defendants was without consideration, and they "executed it simply as sureties and with no intent to create a direct personal obligation." At the time the instrument was executed it was represented "that if said obligations were not paid by Joseph Messier when due the original action of *Clara G. Wood* v. *Joseph Macia* (*Messier*) would be entered in court and one of the defendants held as bail thereon in the sum of Five Thousand Dollars."

Adelard Chevalier had become bail on the writ in the sum of $5,000 by indorsement thereon. Both defendants are men of little education, unable to understand or speak English, and they relied upon "all these facts and representations." The court held the affidavit of defense to be insufficient, to which the defendants excepted. Thereupon, judgment was entered for the plaintiff, to which the defendants also excepted. The case is here on these exceptions.

The affidavit summarizes the claims relied upon in defense as follows: "Wherefore they say that they have a good and valid defense to the action because it was based on no consideration and was not the obligation into which the defendants intended and desired to enter. And that said note was not negotiated before maturity, is in the hands of an original party thereto, (viz. the plaintiff) and that such plaintiff is not a holder for value * * * has no interest or title in or to said note."

[1-6] Being a collection suit, the plaintiff was entitled to the judgment awarded unless a good and sufficient defense, either in law or in fact, is set forth in the affidavit. County court rule 8. Counsel discuss some matters not included in the affidavit; but not having been properly raised in the trial court, they cannot be considered on review. On the question of want of consideration it is claimed that the note was given in settlement of a groundless action, and so was without consideration. The argument is that while the sale of intoxicating liquor complained of was in Canada, the action was brought on the statute of this State (G. L. 6579), and could not be maintained, as the statute applies only when the sale takes place within this jurisdiction. If it be admitted that the action would be groundless if based upon our statute, it does not follow that the affidavit sufficiently states the defense of want of consideration. It is not enough merely to allege want of consideration. The burden of establishing the issue is upon the defendants. *Harponola Company* v. *Wilson*, 96 Vt. 427, 433, 120 Atl. 895. Every negotiable instrument is deemed *prima facie* to have been issued for a valuable consideration. Negotiable Instruments Act, § 24 (G. L. 2894). The facts relied upon as showing want of consideration must be set out in the affidavit. The compromise of a claim, though doubtful, if based on reasonable grounds honestly entertained, would afford a sufficient consideration. *McCloy's Admx.* v. *Watkins*, 88 Vt. 457, 92 Atl. 968; *Bellows* v. *Sowles*, 55 Vt. 391,

45 A. R. 621; *Heller & Bros., Inc.* v. *Eldridge & Co.*, 96 Vt. 246, 252, 119 Atl. 392. So far as shown by the affidavit, the note may have been given in settlement of such a claim. While it is stated that the sale of intoxicating liquor took place, if at all, in Canada, it is not alleged that the statutes of Quebec do not afford a basis of the action; nor is the argument that the action was brought on the Vermont statute supported by any such allegation. It should be held that want of consideration was not shown by the affidavit.

[7] In effect, the remaining ground of defense is that the defendants executed the note simply as sureties, with no intent to create a personal obligation, and with the understanding that if the note was not paid by Messier when due the suit would be entered in court and Adelard Chevalier held as bail thereon. The court properly held that the affidavit did not, in this respect, show a defense to the action on the note. On the face of the note the defendants signed as makers. As such they engaged to pay the note according to its tenor. Negotiable Instruments Act, § 60 (G. L. 2929). On the facts set out in the affidavit the defendants would be accommodation parties as defined in section 29 of the Act (G. L. 2899); but they would be liable on the note to a holder for value, notwithstanding such holder at the time of taking the instrument knew them to be only accommodation parties. For aught that appears the plaintiff should be deemed a "holder for value" in contemplation of the Act. See sections 25, 26 (G. L. 2895, 2896).

[8] The principle is thoroughly established that a negotiable instrument which expresses on its face an absolute promise to pay cannot be cut down into a conditional promise, nor enlarged, varied, or contradicted by evidence of a prior or contemporaneous parol agreement. *Benedict* v. *Cox*, 52 Vt. 247; *Morse* v. *Low*, 44 Vt. 561; *Norton* v. *Downer*, 31 Vt. 407; *Gilman* v. *Moore*, 14 Vt. 457; *Isaacs* v. *Elkins*, 11 Vt. 679. This is but an application of the familiar general rule that a valid written instrument cannot be enlarged, varied, or contradicted by parol testimony. So far as here material, the rule is unaffected by the provisions of the Negotiable Instruments Act and applies regardless of the fact that the action is between the original parties to the note. The cases both before and since the adoption of the Act are collected in an extended note found in 20 A. L. R. 490 *et seq.* It is not questioned by the defendant but that the

claimed understanding rests in parol, and if it should not be deemed necessary to negative that fact in the affidavit, we think in the circumstances its existence may fairly be assumed on the record.

[9]    In legal effect, the proposed defense would amount to a showing that it was agreed when the note was given that it should not be enforced against the defendants. This was expressly refused in *Morse* v. *Low, supra.* It is asserted that fraud is a good defense as between the original parties to any contract, and therefore the affidavit set up a sufficient defense. The trouble with this claim is that fraud is not relied upon in the affidavit and, besides, the facts alleged are insufficient to support such a conclusion in any event.

[10]    The point made that the suit on the note should have been brought in the name of Mrs. Wood is untenable. The promise is deemed to have been made to Alexander personally, and the words, ''attorney for Clara G. Wood'' may be regarded as merely descriptive. 2 Mechem on Agency (2nd ed.) 1596. See *Rutland & Burlington R. R. Co.* v. *Cole,* 24 Vt. 33; *Johnson* v. *Catlin,* 27 Vt. 87, 62 A. D. 622.

*Judgment affirmed.*