## WM. H. ISAACS *v.* MARK L. ELKINS.

Where a promissory note was given for the price of a horse, payable absolutely in ten days, and it was at the same time agreed, that if the horse did not meet the expectation of the person for whom he was purchased, and were returned within ten days, he should be received in lieu of the note, and the horse was, in accordance with such contract, returned, but not accepted by the vendor;—It was held, that it was not competent to give such collateral matter, resting in parol, in evidence in defence of the note.

ASSUMPSIT on a promissory note.

Plea, *non assumpsit*, and issue to the court, by agreement of the parties.    The plaintiff read in evidence the note declared upon, without objection, and rested his case.

The defendant proved, that, at the time of giving said note, and for some time before, and afterwards, he was engaged in the business of buying horses, for the use of the British government in Canada.    That on the 3d day of May, 1838, he was at Troy, in the county of Orleans, on the business aforesaid, when one Emerson appeared there with two horses, which he offered for sale to the defendant.    That after a slight examination of said horses the defendant purchased them, and executed and delivered to said Emerson, in payment therefor, two promissory notes, both payable in ten days from date.    One made payable to said Emerson, for the sum of eighty dollars, and the other made payable to the plaintiff, and being the note declared on;—that, at the

time of the execution of said notes, it was verbally agreed between the defendant and said ‚Emerson, that the former should take said horses to St. Johns, in Lower Canada, being the place where his horses were inspected, and either accepted or refused by the proper agents of the government in Canada, and if they did not pass inspection, so as to be accepted by the government agent, he should have a right to return them to the place of purchase aforesaid, within the ten days said notes had to run, and if said horses were not rendered unsound, or otherwise materially injured by said. journey, they were to be received back by said Emerson, in payment or exchange for said notes ;—that the defendant did, accordingly, take said horses to St. Johns, aforesaid, where they were inspected by the government agent, and refused, and that within the ten days aforesaid, the defendant returned them to the place of purchase aforesaid, without material injury ;—that said Emerson thereupon received back one of said horses in exchange for the eighty dollar note aforesaid, but declined to receive the other, alleging, as a reason therefor, that he had sent the note in question to the plaintiff.

The defendant also proved, that in other instances in the course of said business, he had executed notes under like circumstances accompanied with parol agreements of similar import, and that in such cases, when the horses, so purchased, had not passed inspection, they had been returned and the notes given up without objection. It did not appear, however, that the plaintiff had any knowledge of such course of dealing by the defendant.

The plaintiff then proved that the horse, for which the note in question was received, and which said Emerson so refused to receive back, as aforesaid, was the plaintiff's property previous to said sale to the defendant, and gave in evidence a receipt for said horse, executed to him by Emerson, dated May 3, 1838. He also proved that before the return of said horses by the defendant, as aforesaid, said Emerson sent to him the note in question.

The evidence, on the part of the defendant, was all received subject to an objection, by the plaintiff, to its admissibility in this action.

Upon the aforesaid facts, proved on trial, the court de-

cided that the plaintiff was entitled to recover the amount of said note, and rendered judgment accordingly. To which decision and judgment the defendant excepted.

*Cooper & Redfield and H. P. Smith,* for defendant.

1. The return of the horse uninjured, within *ten days,* agreeably to the terms of the contract, was a *payment* and sufficient discharge of the note. *Barney* v. *Bliss,* 2 Aik. R. 60. *Noyes* v. *Evans,* 6 Vt. R. 628.

2. The facts show that the note was delivered to Emerson merely as an *escrow,* not to take effect till after the expiration of ten days, and then only in case the horse should be accepted by the government agent at St. Johns. 1 Swift's Ev. 179. 1 Swift's Dig. 179.

The horse never became the property of the defendant, till he neglected to return him to Emerson, within the ten days, and the note in question may be considered as a mere *security,* deposited with Emerson as an *indemnity* to Isaacs against any injury to the horse during the ten days.

The note was not to be delivered to the plaintiff, till after the ten days, and, if delivered, it was a *fraudulent* delivery by Emerson, and of course inoperative and *invalid,*—as a note takes effect from its delivery. *Chamberlain* v. *Hopps et al.* 8 Vt. R. 94.

*Maeck & Smalley* for plaintiff.

The evidence introduced by the defendant, and which was admitted subject to the plaintiff's objections, as to its admissibility, was clearly inadmissible, and the court did right in disregarding it in their judgment.

The case is not distinguishable, either in fact or in the law applicable to it, from the case of *Bentley* v. *Bradley,* 8 Vt. R. 243, to which, and the authorities there cited for the plaintiff, the court are referred.

See also, Bailey on bills, 2 American, from 5th London edition, 521 to 522, and cases there cited by the American editors.

The opinion of the court was delivered by

REDFIELD, J.,—This case is so precisely the same in principle, with that of *Bentley* v. *Bradley,* 8 Vt. R. 243, as not to be in any mannner distinguishable from it. We could not reverse the judgment of the county court in this case,

without directly overruling the authority of that case. It is of more importance, perhaps, that the course of decisions should be uniform and stable, than even that it should be absolutely the soundest and wisest course, which might have been adopted. It was there considered, that proof, such as was offered in the present case, would be ingrafting upon the written contract a new and independent condition, and thus virtually varying it by oral evidence. If so, that case was, undoubtedly, correctly decided. *Reed* v. *Wood*, 9 Vt. R. 285. The case of *Farnham* v. *Ingham et al.* 5 Vt. R. 514, relied upon by the defendant, expressly decides, that "parol evidence is not admissible to show that a note, purporting to be absolute, was to be payable only on condition; and then indeed went further, and admitted the proof, as an independent contract made at the time, by which the note was to be paid in a manner different from that expressed in the written contract. This last view is no doubt unsound and was directly overruled by the case of *Reed* v. *Wood,* *supra.* The only possible ground, upon which the evidence in this case could be received to defeat the action, would be that the consideration of the note had failed. And this view, although sustained by some very respectable authorities, must be considered as overruled by the case of *Bentley* v. *Bradley.*

Judgment affirmed.