CHARLES GATES AND ANOTHER v. HARVEY K. MOORE.

*Evidence. Materiality.*

In assumpsit on a warranty that a horse, alleged to have been taken by plaintiffs of defendant in exchange for a colt and a note against A., was safe, kind, and free from faults, and "would work well in a team in drawing heavy loads," A. was permitted to testify that the note, although absolute on its face, was in fact executed on condition that it might be paid by a return of the property for which it was given. No question of variance having been made, it was *held*, that the evidence was immaterial and inadmissible.

The horse would not work well in a team, but was vicious and ungovernable. Defendant was permitted to prove by one of the plaintiffs on cross-examination, that a man professing to be a horse-trainer offered to subdue the horse for plaintiffs and make it work well for $5, but that plaintiffs declined to employ him. *Held*, erroneous, for that the evidence was hearsay, and that whether or not the evil propensities of the horse were curable was not in issue.

One of the plaintiffs testified as to the value of the horse as it was, and its value as it would have been if it had been as represented. Defendant was then permitted to prove its value as a driving horse. *Held*, that though what the horse might be worth for purposes other than the one for which he had been warranted suitable was not material to the issue, yet, as the court in its discretion had allowed defendant to repel what plaintiff had testified to as to the value of the horse as it was, the judgment was not reversible for that reason alone.

ASSUMPSIT on a warranty of a horse. The declaration alleged an exchange of a colt and a certain note of the plaintiffs' for the horse in question, and a promise by the defendant that the horse was safe, kind, and free from faults, and "would work well in a team in drawing heavy loads," when the horse was not safe, etc., but vicious, ungovernable and dangerous, and of no value to the plaintiffs. Plea, general issue, and trial by jury, June Term, 1878, Caledonia County, Ross, J., presiding.

The evidence introduced on the part of the plaintiffs tended to prove that at some time in the summer of 1877, the defendant came to the plaintiffs, who were desirous of procuring a heavy horse for team work on their farm, with the horse in question, which appeared to be such a horse as they wanted, and proposed to trade it to them; that they then told the defendant of the purpose as aforesaid for which they wanted a horse, and that they

had driving horses enough, whereupon he told them the horse answered their requirements, " that he was a good worker, kind and true to draw, and was just what they needed for a work-horse in their business "; that the plaintiffs then proposed to him to trade for the horse and give him in exchange therefor a three years old colt and a note against one Frank Adams for $42.50, and told him that the note was one that Adams gave them for a horse that they had sold him for use on a threshing machine, that Adams did not so use the horse, and that probably Adams would let the defendant have the horse for the note; that the defendant then said he would see Adams and ascertain whether he could get the horse for the note and let them know whether he would trade, and thereupon went away, but returned during the day and left his horse and took the colt and note; that they subsequently tried to work the horse in question, but found him so vicious and contrary that they could not work him, and of no value as a work-horse; and that the defendant had knowledge of the horse's disposition.

The evidence introduced on the part of the defendant did not materially differ from that of the plaintiffs with reference to the purpose for which the plaintiffs bought the horse, nor as to the defendant's representations. But the defendant claimed that his representations did not amount to a warranty, but were merely representations that the horse had worked for him. He also testified that the plaintiffs said they had a right to take back the horse they had sold Adams, on the note; that the trade with the plaintiffs was an exchange of his horse for the plaintiffs' colt and the Adams horse; and that the horse in question was as represented.

The plaintiff Gates testified as to the value of the horse as it was, and its value as it would have been if it had been as represented. On cross-examination the defendant was allowed to prove by him the value of the horse as a driving horse; to which the plaintiffs excepted. He was also permitted to introduce other witnesses to prove the same thing. He was also permitted to prove the value of the colt and the value of the Adams horse, as bearing on the question of whether the trade was as the plain-

tiffs claimed or as the defendant claimed; to which the plaintiffs excepted.

The defendant introduced Adams as a witness, who was permitted to testify that, although the note was unconditional, it was agreed at the time it was given that Adams might, at his option, return the horse for which it was given in payment thereof, by paying the plaintiffs for the use of the horse; to which the plaintiffs excepted.

On cross-examination of the plaintiff Gates, the defendant was permitted to prove by him that at some time subsequent to the purchase of the horse by the plaintiffs, a man professing to be a horse-trainer called on the plaintiffs, and offered to train the horse in question—claiming to be able to subdue it and make it gentle and a good worker—for the sum of $5, and that the plaintiffs declined to employ him; to which the plaintiffs excepted.

*H. C. Bates*, for the plaintiffs.

The representations of the defendant amounted to a warranty. *Wing* v. *Chapman*, 49 Vt. 33; *Beals* v. *Olmstead*, 24 Vt. 114; *Brown* v. *Sayles*, 27 Vt. 227; *Pease* v. *Sabin*, 38 Vt. 432. The measure of damages is the difference between the value of the horse as he was, and his value if as represented. It was error to allow the defendant to prove the value of the horse for a special use other than that for which the plaintiffs bought him. *Wing* v. *Chapman, supra; Hine* v. *Pomroy*, 39 Vt. 211; *Wood* v. *Willard*, 36 Vt. 82.

The evidence as to the value of the colt and the Adams horse was immaterial and inadmissible.

The testimony of Adams was also inadmissible. It was admitted to prove that the note in question, which on its face contained no condition of any kind, was in fact conditional. *Bradley* v. *Bentley*, 8 Vt. 243; *Gillett* v. *Ballou*, 29 Vt. 296; *Abbott* v. *Choate*, 47 Vt. 53, and numerous other cases.

The evidence as to the offer of the horse-trainer to subdue the horse was also inadmissible.

*Belden & Ide*, for the defendant.

The cross-examination of Gates was proper. The "value of the horse as it was" depended on several things, among others its qualities as a driving horse.

The other testimony on that point was not excepted to, but, if it was, it was material and admissible. It was admissible to impeach the plaintiff Gates. The most that the plaintiffs can claim is that its admission was in the discretion of the court. 1 Phil. Ev. 734 ; *Batchelder* v. *Kinney*, 44 Vt. 150 ; *Briggs* v. *Lindsey*, 7 Cranch, 500 ; *Grannis* v. *Brandon*, 5 Day, 260 ; *Young* v. *Mason*, 8 Pick. 551, and other cases. Besides, that evidence was directly admissible on the issues. One allegation was that the horse was of "no value." *Woodward* v. *Thacher*, 21 Vt. 580 ; *Houghton* v. *Carpenter*, 40 Vt. 588 ; *Pinney* v. *Andrus*, 41 Vt. 631. *Wing* v. *Chapman*, 49 Vt. 33, is distinguishable.

The evidence of the value of the colt and the Adams horse was admissible to prove the defendant's claim as to the consideration of the contract. *Frost* v. *Frost's Admr.* 33 Vt. 39 ; *Houghton* v. *Clough*, 30 Vt. 312 ; *Kidder* v. *Smith*, 34 Vt. 294 ; *Kimball* v. *Locke*, 31 Vt. 683.

The testimony of Adams was also admissible to support the defendant's. *Brown* v. *Welch*, 38 Vt. 241 ; *Bennett* v. *Story*, 48 Vt. 163 ; *Davis* v. *Windsor Savings Bank*, 48 Vt. 532 ; BARRETT, J., in *Kimball* v. *Locke*, *supra*.

The evidence as to the plaintiffs' treatment of the horse was proper to show that they had not used good faith in the matter. *Watts* v. *Waterbury*, 42 Vt. 201 ; *Hill* v. *Powers*, 16 Vt. 516.

The opinion of the court was delivered by

REDFIELD, J. This action is assumpsit upon a warranty by defendant that a horse purchased of him by the plaintiffs "would work well in a team in drawing heavy loads," when in fact the horse did not possess those qualities, and that was then well known to the defendant.

I. The plaintiff bought the horse in question by exchange of a certain colt and a note against one Adams for 42.50. It is not

claimed that the contract proved by the evidence varied from that alleged in the declaration ; hence it would seem that it was altogether immaterial whether there was a parol condition in the sale of the horse to Adams that he might return the horse to the plaintiff in payment of the note. Such parol condition was held in *Isaacs* v. *Elkins*, 11 Vt. 679, to be void and unavailing as a defence to the note. And such proof could have no tendency to show that defendant did not warrant the horse sold, as averred in the declaration.

II. The evidence that some pretended horse doctor or horse-trainer *said* to the plaintiffs that he would subdue the wickedness in this horse, and convert him from his evil ways, for $5, was not legally admissible. It was mere hearsay evidence at best; besides, we think that whether such evil propensities in a beast against which this defendant contracted, are innate and incurable, or otherwise, was an issue not involved in the case.

III. The defendant, against plaintiffs' exception, was allowed to prove that the horse was a good driving horse, and therefore valuable. In *Wing* v. *Chapman*, 49 Vt. 33, which was substantially like this case, the Supreme Court held that such evidence was not admissible, and rebuked the practice of creating by inadmissible evidence unnecessary issues, and by needless discussion dividing and distracting a jury. The enquiry in this case was, how much the value of the horse would have been enhanced if he had possessed the qualities for which the plaintiff bargained, and which the defendant warranted him to possess ? What the horse was worth for *other* uses was not material, as was expressly decided in that case. But in this case the plaintiff had stated what the horse was worth now, and what he would have been worth if he had been as warranted, as a mode of computing the damage he had suffered from the want of the stipulated qualities in the horse. And as the court allowed the defendant, in its discretion, to repel and disprove what the plaintiff had testified to without objection, the case, for that reason alone, should not be reversed.

*Judgment reversed, and cause remanded.*