MILTON J. LUNNIE *v.* ROBERT GADAPEE.

(73 A2d 312)

January Term, 1950.

Present: SHERBURNE, C. J., JEFFORDS, CLEARY, ADAMS and BLACKMER, JJ.

Opinion filed May 2, 1950.

*Arthur L. Graves, Frederick G. Mehlman* and *Kyle T. Brown, Jr.,* for the plaintiff.

*Witters & Longmoore* and *Clarence V. Akley* for the defendant.

BLACKMER, J.  The plaintiff bought eleven cows; he says from the defendant.  The defendant claims he sold the cows to a third person prior to their purchase by the plaintiff.  However that may be, the defendant was an active participant in the transaction, and it is for fraudulent representations claimed to have been made by him in connection with the sale that the plaintiff brought this suit. Trial was by jury; the verdict was for the plaintiff, and judgment was entered thereon.  The defendant claims error.

To secure payment of the purchase price, the plaintiff gave the defendant a promissory note, commonly called a conditional sale or lien note. This note recited that it was given for eleven described cows "this day conditionally sold and delivered by Robert Gadapee to Milton Lunnie and said property is to be and remain the property of said Robert Gadapee until said note is wholly paid."

In several different ways and at different times during the trial, the defendant endeavored to show that he had no title to the cows at the time of the sale, and no interest in the proceeds of the sale. This he was not permitted to do, and it constitutes his first assignment of error.

The gravamen of the action is the claimed false representations. The defendant claims that if he obtained no benefit from the transaction alleged to have been induced by his fraud, such fact is material as tending to show the making of the misrepresentations less probable.

The materiality of such evidence is not a new question. *Hadley* v. *Bordo,* 62 Vt 285, 19 A 476, was an action for false warranty of a horse. The defendant was permitted to show that the exchange of horses from which the claim arose was not between the plaintiff and the defendant, but was between the plaintiff and a third person. The evidence was considered material, the Court saying at page 289 "if he (defendant) did not own the mare so exchanged, he would be less likely to become a party to the exchange or warrant the mare sound, than though he did own it." The same conclusion was reached in *Hidden* v. *Hooker,* 70 Vt 280, 40 A 748. In that case the plaintiff based his suit on claimed false representations made by the defendant in purchasing the plaintiff's interest in a partnership. The defendant was permitted to show that he made the purchase for a third party and without gain to himself. It was said at page 281 "It is claimed that the defendant committed a fraud in order to induce the purchase. It would be less probable that he would so do if he was acting for another than it would be if acting for himself." *Hadley* v. *Bordo, supra,* was cited with approval. The instant case is the same; the offered evidence was material.

The plaintiff makes claim that the offered evidence was properly rejected under the familiar rule against the admission of parole evidence to change or vary either the terms or legal effect of a written instrument, in this instance the conditional sale note de-

scribed above. The rule is established by a long line of our cases. But the parole evidence rule, like most things, has its exceptions. It does not apply where the writing is collateral to the issue involved, and the action is not based on such writing. To state it another way, the parole evidence rule applies only where the enforcement of an obligation created by the writing is substantially the cause of action. 32 CJS Evidence § 1011, pp. 1026 & 1027; 20 Am Jur Evidence § 1134, p. 988; *Halloman* v. *Southern R. R. Co.*, 172 NC 372, 90 SE 292, LRA 1917C, 416, Ann Cas 1917E, 1069; *Davis* v. *Cauffiel*, 287 Pa 420, 135 A 107; *Hanauer* v. *National Surety Co.*, 279 Pa 345, 123 A 863. And also, the exception is applicable where the parties to the litigation and to the writing are the same. *Gordon, Inc.* v. *Schram*, DC Mun App, 44 A2d 662; 32 CJS Evidence § 1011, p. 1027, note 73.

If the terms of the conditional sale note leave any doubt that it was a transaction for security purposes only, the evidence does not. The cows were selected, the price was agreed upon, and delivery was made August 29th. The sale was completed on that day. The next day the note was presented by the defendant and executed by the plaintiff. The suit is on the representations, not on the note, and the case is governed not by the parole evidence rule, but by the exception thereto. In *Hadley* v. *Bordo, supra,* we reached this same conclusion, although the parole evidence rule was not mentioned expressly. Therein we said, in permitting the defendant to show another to have been the seller, at page 289 "This suit is not founded upon the contract evidenced by the note and lien, but upon the warranty given upon the sale of the horse. The writing with the note was not drawn for the purpose of transferring the property to the plaintiff, or as evidence of the sale in respect of warranty, price or other detail, but for another and collateral or independent purpose, viz: to serve as security for the note given by the defendant."

Among his citations, two cases especially relied on by the plaintiff to establish exclusion under the parole evidence rule are *Gillett* v. *Ballou,* 29 Vt 296, and *McNamara* v. *Pickett,* 109 Vt 500, 1 A2d 716. In both of these cases the writing sought to be changed by parole was the exact writing on which the suit was brought. For that reason, they do not control. Other cases stressed by the plaintiff are *Winn* v. *Chamberlain,* 32 Vt 319, and *Wood* v. *James,* 93 Vt 36, 106 A 566. These cases have to do with the supple-

menting by parole of writings which only partially integrate transactions, and stand for the principle that the supplementation must be consistent with the writing. The principle is sound, but not applicable. The conditional sale note was not an incomplete writing. The defendant did not seek to supplement but to contradict it. Under the circumstances, such was his privilege.

There was some small amount of evidence admitted, apparently through inadvertency, tending to show that the defendant was not the owner of the cows at the time of the sale, and that he had no interest in the purchase price. In its charge the trial court instructed the jury "that the ownership of the cattle is not in issue in this case, so you will disregard any evidence that has been introduced on the question of ownership". In this state of affairs the plaintiff argues that the error above found is harmless, but we find it unnecessary to consider this claim, because reversible error otherwise appears in the court's charge, to which we now turn.

The court instructed the jury thus: "As I told you yesterday, we have taken the question of ownership of these cattle out of the case. It is not in it. So the question of ownership had no bearing on the liability, if any, of the defendant." To this charge the defendant excepted on the ground that ownership is material as bearing on the interest of the defendant. The charge was prejudicial error. As we have seen above, the defendant would have been less likely to make false representations to induce the sale of the cattle if he were not the owner. *Hadley* v. *Bordo, supra; Hidden* v. *Hooker, supra*. The matter was one which was material, and which the defendant was entitled to have the jury consider.

■ The trial court further charged the jury:

> "The person to whom false representations are made is not required to investigate in order to determine whether the facts are or are not as stated. He has a right to rely upon statements made to him, and the one making the representations will not be heard to say that the other might but for his own neglect have discovered the truth."

It declined to charge as requested by the defendant:
"Mr. Lunnie was bound to know what he could have discovered on reasonable inquiry and if you find that he could have discovered the condition of the cows

> through such an inquiry as a reasonable and prudent
> man would make under the circumstances and failed
> to make such inquiry then he cannot recover."

The court was right. It is only necessary to repeat what we have held, iterated and reiterated: The well settled doctrine in Vermont is that when it is established that a plaintiff has been induced to act by fraudulent misrepresentations, it is no excuse for the defendant, nor does it lie in his mouth to say, that the plaintiff might, but for his own neglect, have discovered the wrong and prevented its accomplishment. Some of the cases so holding are *Niles* v. *Danforth,* 97 Vt 88, 96, 122 A 498; *Jones* v. *Stearns,* 97 Vt 37, 44, 122 A 116, 31 ALR 653; *Smith* v. *Martin,* 93 Vt 111, 121, 106 A 666; *Arnold* v. *Somers,* 92 Vt 512, 520-521, 105 A 260; *Maidment* v. *Frazier,* 90 Vt 520, 527, 98 A 987, and cases cited.

The cows were sold approximately one year after the alleged fraud. Evidence of the sale price was admitted as tending to show their fair value at the time of the claimed fraud, there being evidence that there had been no substantial change in the market for such cattle. The defendant objected on the ground of immateriality, but his claim now is that there was no showing that there was no substantial change in the cows. This claim, made here for the first time, is not for consideration. *State* v. *Searles,* 108 Vt 236, 239, 184 A 701. Having specified the ground of his objection, the defendant is bound thereby, even under V. S. 47, § 1628 (1).

The defendant excepted to the court's refusal to charge on the subject of accord and satisfaction, and directs us to some evidence as supporting such a charge. This subject was treated as one of secondary importance at the trial. On retrial the evidence may vary somewhat, or some different slant appear. It does not seem profitable to deal with this exception at this time.

*Judgment reversed and cause remanded.*