# Edmund N. Hathaway, Rose M. Hathaway, and Norman F. Bessette v. Ray's Motor Sales, Inc., Ray's Mobile Homes, Inc., Ray's Mobile Homes, Lonergan Corporation, and Trustee

[ 247 A.2d 512 ]

June Term, 1968

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed October 8, 1968

Motion for Reargument Denied November 6, 1968

*Paul, Frank & Collins* for the Plaintiffs.

*Wick, Dinse & Allen* for the Defendants.

**Shangraw, J.** This is a civil action for damages resulting from the sale to the plaintiffs Edmund N. Hathaway and Rose M. Hathaway of a mobile home by defendant Ray's Motor Sales, Inc., d/b/a Ray's Mobile Homes.

Plaintiffs and the defendant, Lonergan Corporation, manufacturer of the mobile home in question, reached a settlement prior to trial and the action was discontinued as to this party defendant. During trial it was also discontinued as to Ray's Mobile Homes, Inc. On motion made by the remaining defendant, Ray's Motor Sales, d/b/a Ray's Mobile Homes, a motion for a directed verdict in its favor as to plaintiff Norman F. Bessette was granted. In our discussion of this case we shall therefore refer to Edmund N. Hathaway and Rose M. Hathaway as the plaintiffs, and Ray's Motor Sales, Inc., d/b/a Ray's Mobile Homes, as the defendant.

In July of 1966 the plaintiffs approached the defendant regarding the purchase of a mobile home. The defendant did not, at the time, have such a unit suitable for the plaintiffs' needs. A representative of the defendant advised them not to purchase such a home elsewhere, but to look around for one and come back to the defendant before making a purchase.

Following this advice, plaintiffs viewed several mobile home lots and found a suitable mobile home in Plattsburgh, N.Y. They then returned to the defendant, who in turn purchased the mobile home and sold it to the plaintiffs for $5,700.00 plus cost of insurance and time sales differential.

Mr. Hathaway was unemployed at the time, and for credit purposes the customer's purchase agreement was signed by co-plaintiff Norman F. Bessette, brother-in-law of Mr. Hathaway, who acted on behalf of the plaintiffs. The Hathaways made a down payment of $225.00 and received a receipt therefor. They later made a further payment of $100.00. For all intent and purposes the Hathaways were, by the conduct of the parties to this litigation, considered and treated as the purchasers in this transaction.

Plaintiffs experienced difficulties with the mobile home. It developed that this unit was improperly insulated, which resulted in condensation and freezing in its interior during winter months. This action followed to recover damage. Trial was had by jury. A verdict was rendered for $500.00 and judgment entered thereon with costs. The defendant has appealed.

The defendant's assignment of errors relate to : the admission of certain evidence, to the court's charge, and to the denial of a motion for judgment in its favor notwithstanding the verdict for the plaintiffs.

We shall first consider the evidentiary phase of the case. The foregoing purchase agreement was a printed form on a pad. At the bottom of this agreement reference is made, in very small print, to other terms and conditions printed on the back of the agreement. Such printed terms in part provided, "It is mutually agreed there are no warranties, either expressed or implied, made by either the seller or the manufacturer of the trailer, mobilehome, or the parts furnished hereunder, except as follows :" Here, we are not concerned with the enumerated exceptions.

Contemporaneous with the execution of the purchase agreement, Ray's Mobile Homes, and Mr. Bessette, while acting on behalf of the plaintiffs, also signed a further instrument, Defendant's Ex. A which, so far as here material, reads :

"It is understood between the Seller and the Purchaser of said Mobile Home that the Seller, which is Ray's Mobile Homes of 1700 Williston Road, South Burlington, Vermont, shall do no free service of any kind on said Home. The only warranty is that of the Manufacturer."

■ The foregoing disclaimer of warranty is in bold print and is so connected with the entire transaction as to form a part of the sales agreement within the rule stated in *Newton* v. *Smith Motors, Inc.,* 122 Vt. 409, 412, 175 A.2d 514.

By its amended answer the defendant disclaimed that any warranties were made, expressed or implied. Mr. Hathaway testified that at the time the mobile home was purchased the defendant promised that if plaintiffs had any problems with the mobile home, the defendant "would take care of them." This testimony is the only evidence we have found in support of plaintiff's claim of express warranty. This line of inquiry was objected to by the defendant. The case was tried and submitted on this theory.

It is the claim of the defendant that the parol evidence rule, on the facts present, precluded the introduction of evidence tending to establish an express oral warranty. The admission of this testimony over objection was crucial and failed to come within any of the exceptions to the parol evidence rule stated in *Lunnie* v. *Gadapee,* 116 Vt. 261, 262, 73 A.2d 312.

■ It is a well-established general rule that when contracting parties embody their agreement of sale in writing evidence of a prior or contemporaneous oral agreement is not admissible to vary or contradict the written agreement. 46 Am.Jur.Sales, §315. This is the well recognized rule in Vermont. *Alexander* v. *Chevalier et al.*, 98 Vt. 230, 234, 126 A. 498; *Citizens Savings Bank & Tr. Co.* v. *Paradis & Sons*, 102 Vt. 114, 117, 146 A. 3; *Lunnie* v. *Gadapee*, 116 Vt. 261, 262, 73 A.2d 312.

■ The facts do not present an exception to the parol evidence rule. This rule applies to a written contract of sale and oral testimony is inadmissible to add to or contradict the written provisions. *Aetna Chemical Co.* v. *Spaulding & Kimball Co.*, 98 Vt. 51, 57, 126 A. 582. The above quoted evidence upon which plaintiff relies directly contradicts the written disclaimer set forth in Defendant's Ex. A. and violates the parol evidence rule. Error appears.

By moving for judgment notwithstanding the verdict, the defendant raised substantially the same questions of law which attended its motions for a directed verdict. *Sawyer* v. *Ewen*, 122 Vt. 320, 322, 173 A.2d 549.

■ Since the verdict is supported only by evidence erroneously received, it cannot stand. While we might enter judgment for the defendant on this state of the record, discretion persuades us that justice would be better served by remanding the case for a new trial.

*Judgment reversed, and cause remanded.*

## On Motion for Reargument

After our opinion in the above case was filed, the defendant moved for reargument.

As appears from the opinion, the only liability issue submitted to the jury was that of an express warranty, which we held was only supported by inadmissible parol evidence. By reason of the reversal, defendant claims that the opinion has left no issue to be resolved by a new trial.

In addition to the claim of express warranty of the mobile home, the complaint also alleged negligence and implied warranty. These two issues were not submitted to the jury for its consideration. By reversing and ordering a new trial, the plaintiffs will be afforded the op-

portunity to bring forward, on retrial, all issues presented in the complaint, if they so elect.

 While we might have entered judgment for the defendant, that course of action seemed inappropriate, since it appeared to us that it might work an injustice. *Hunter* v. *Preston,* 105 Vt. 327, 338, 166 A. 17.

*Motion for reargument denied. Let full entry go down.*