**Arpad and Elizabeth Negyessy v. Kenneth Strong, et al.**

[388 A.2d 383]

No. 192-77

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed June 6, 1978

*George E. Rice, Jr.*, Montpelier, for Plaintiffs.

*Samuel C. FitzPatrick*, Montpelier, for Defendants.

**Per Curiam.** The plaintiffs, purchasers of a parcel of real estate, brought suit for damages for misrepresentation of the boundaries of the land conveyed. The defendants are the real estate agent Strong and the owner of the property, one Neun. The lower court made findings of fact and entered judgment in favor of the plaintiffs in the amount of $700.00.

Two issues are raised on appeal. The first is the claim of Strong that the written terms of the deed, as a contract embodying the terms of the transaction, is binding upon the plaintiffs as purchasers, in spite of any misrepresentations as to the boundaries. The second questions the trial court's treatment of Strong's purchase and transfer to the plaintiffs of a piece of land from an adjoining landowner to bring the boundary into concurrence with his representations as an admission of liability. The trial court must be sustained on both points.

Where fraud and misrepresentation are at issue, the evidence necessarily takes a wide range, and the concept of relevancy is correspondingly expanded. *John A. Westlund, Inc.* v. *O'Bryan Construction Co.*, 123 Vt. 301, 308–09, 187 A.2d 507 (1963). When the misrepresentation relates to the inducement to enter a contract, if established, the deceived party may seek the remedy of being excused from the contract through rescission, or seeking the damages occasioned by the fraud. *Collins* v. *Estate of Collins*, 104 Vt. 506, 513, 162 A. 361 (1932). Since, as that case states, the contract is already voidable at the option of the party induced to enter it, the misrepresentations cannot be avoided by a parol evidence claim that they are merged into the terms of the agreement.

It is further clear, as *Lunnie* v. *Gadapee*, 116 Vt. 261, 265, 73 A.2d 312 (1950) states, that where a contract has been induced on the basis of misrepresentations, it does not

lie in the mouth of the procurer to say that the plaintiff might, but for his own neglect, have discovered the wrong and avoided loss. It is enough if it is established, as it was here, that the representations were relied upon. Moreover, the owner is responsible for the representations of his agent, the broker, made within the scope of his selling authority. *Smith v. DeMetre*, 119 Vt. 73, 79, 118 A.2d 346 (1955).

The action of the broker in obtaining and transferring to the plaintiffs a part of the land missing from the bargain as arrived at was not shown to be any part of a compromise agreement, or subject to the protection of the legal doctrine protecting such actions from consideration on the issue of liability. See *Dutch Hill Inn, Inc.* v. *Patten*, 131 Vt. 187, 192, 303 A.2d 811 (1973); *Abbadessa* v. *Tegu*, 122 Vt. 338, 344, 173 A.2d 153 (1961). That being so, the trial court was free to give it the weight as an admission to which it was otherwise entitled. There is no error.

*Judgment affirmed.*