**Helen North v. Donald F. Simonini and Augusta Graves**

[457 A.2d 285]

No. 450-81

Present: Barney, C.J., Billings, Hill, Underwood and Peck, JJ.

Opinion Filed February 7, 1983

*Adams, Darby & Laundon,* Waterbury, for Plaintiff-Appellee.

*Davis & Rounds, P.C.,* Windsor, for Defendant-Appellant.

**Peck, J.** This is an appeal by defendant Donald Simonini from an order of the Washington Superior Court in which plaintiff recovered a deposit she had paid him in connection with the proposed purchase of a certain piece of realty. She also recovered interest, attorney's fees, and costs. We affirm.

We are presented with one main issue on appeal: whether the Statute of Frauds bars the oral modification by an agent of the seller of a portion of a written purchase and sale agreement. We hold that the acts and words of the seller's agent, defendant Augusta Graves, in allowing extra time to inspect the land, constituted a waiver of the contract's time limits for cancellation.

Briefly stated the facts are as follows. On July 1, 1977, plaintiff and the owner, defendant Simonini, signed a deposit receipt and sales agreement for the purchase and sale of 3.3 acres in the Town of Fayston, Vermont. Plaintiff paid a deposit of $3000 to the owner, and the latter arranged to have electric poles and lines installed along the boundaries of the lot. In relevant part, the sales contract provided that:

1. Sale is contingent on buyer having seen the placement of the utility lines.

2. Buyer must inspect said lines within 14 days after lines have been installed and notify the owner in writing within the same 14 days of his [sic] intention to proceed with the sale.

At all times during this transaction, defendant Graves, a real estate broker, was the agent of the defendant owner. Accordingly, the owner is bound by the acts of his agent which fall within the scope of her authority. *Negyessy* v. *Strong,* 136 Vt. 193, 194, 388 A.2d 383, 385 (1978).

On July 23, 1977, plaintiff informed the owner's agent that she would be out of town until August 20. She requested an

extension of time until after her return to inspect the utility lines. The lines had not yet been installed, and the agent told her that an extension of time would not be necessary since the lines were not likely to be installed during her absence, and that she could inspect them upon her return. The agent also agreed to notify plaintiff of the date the lines were actually installed.

The utility line installation was completed on August 9, 1977. Absent any modifying acts or words on the part of the defendants, the contractual modification period would have expired on August 23. However, plaintiff was never informed of the actual installation date as promised, and the agent had already informed her that an extension of time would not be necessary.

Plaintiff returned to Fayston and viewed the electric poles and lines on August 22. She was dissatisfied with their appearance and with the size of the right-of-way cut through the woods to accommodate them. On August 25 plaintiff informed the agent of her dissatisfaction with the placement of the utility lines, and the latter agreed to let her view the lines again. On August 31, after she had reinspected the land, plaintiff again expressed her dissatisfaction with the appearance of the utility lines. The agent then suggested accompanying plaintiff to inspect the lines on September 2, and they did so.

In none of the aforementioned conversations or meetings did the agent ever inform plaintiff of the actual installation date, nor did she ever mention that the 14-day cancellation period had expired on August 23. In fact, at all times she acted as though plaintiff had the right to cancel the contract.

On September 2 the agent agreed that plaintiff could inform her on the next day of her final decision with respect to the purchase of the land. On September 3 plaintiff informed the agent that she wished to cancel the contract because of her dissatisfaction with the appearance of the utility lines, and on September 6 plaintiff sent written notice of cancellation to the defendant owner. The owner refused to agree to the cancellation of the contract, or to return plaintiff's $3000 deposit. Plaintiff then brought suit against the owner and his agent, and the court awarded her the deposit, interest, costs, and attorney's fees from the owner. It dismissed with preju-

dice her claim against the agent; this dismissal was not an issue on appeal.

The Statute of Frauds provides that:

> An action at law shall not be brought in the following cases unless the promise, contract or agreement upon which such action is brought or some memorandum or note thereof is in writing, signed by the party to be charged therewith or by some person thereunto by him lawfully authorized:
>
> . . . .
>
> (5) A contract for the sale of lands, tenements or hereditaments, or of an interest in or concerning them.

12 V.S.A. § 181.

■ Generally, changes in contracts covered by the Statute of Frauds are governed by the same formal requirements as the original contract. *Evarts* v. *Forte,* 135 Vt. 306, 311, 376 A.2d 766, 769 (1977). However, where the parties waive, by their words and conduct, the time limitations of the contract, the nonwritten modification does not violate the Statute of Frauds since waiver and estoppel operate independently of the statute. 6 Williston on Contracts § 856, at 232 (3d ed. 1962).

■ Since the contract upon which this case is based involved the sale of lands, the Statute of Frauds controls. Accordingly, the question presented for our review is whether the agent's words and actions constituted a waiver of the 14-day notice provision of the contract sufficient to avoid the requirements of this statute. We conclude that they did.

■ A waiver is the voluntary relinquishment of a known right. *Abell* v. *Central Vermont Ry.,* 118 Vt. 189, 192, 102 A.2d 847, 849 (1954). A waiver may be accomplished by the agent of a defendant, as well as by a defendant himself, since an owner is responsible for the representations of his real estate broker made within the scope of the selling authority granted. *Negyessy* v. *Strong, supra.* Here, the words and actions of the owner's agent with respect to the extension of the 14-day cancellation period were within the scope of her

authority and clearly constituted a waiver of the time limit. The agent knew of the time limit for cancellation, yet she never informed plaintiff of the actual utility line installation date as she had promised. She agreed repeatedly to time extensions for plaintiff to reinspect the land and to make her decision. At all times during her transactions with plaintiff her actions and representations were consistent with a continuing right in the plaintiff to cancel the contract. Thus, she waived the 14-day cancellation provision of the contract, and the defendant owner is now estopped from asserting it.

*Judgment affirmed.*