## Big G Corporation v. Leo R. Henry and Nancy L. Henry

[536 A.2d 559]

No. 84-298

Present: Allen, C.J., Peck and Dooley, JJ., and Barney, C.J. (Ret.), and Springer, D.J. (Ret.), Specially Assigned

Opinion Filed November 20, 1987

*David A. Otterman* of *Otterman and Allen, P.C.*, Barre, for Plaintiff-Appellant.

*Jesse D. Bugbee* and *Daniel J. Lynch* of *John Kissane Associates*, St. Albans, for Defendants-Appellees.

**Peck, J.** Plaintiff, Big G Corporation, appeals from an adverse jury verdict in its suit to recover a deficiency in the value of a farm, which followed a foreclosure proceeding pursuant to 12 V.S.A. § 4532(d). By special interrogatories, the jury determined that a deficiency existed, but upon finding further that the plaintiff had orally agreed to take the farm back in full satisfaction of the debt owed by the defendants, the jury found for the defendants. We reverse and remand for a new trial.

Plaintiff is engaged in the speculative purchase and resale of farm property, and negotiated with defendants for the sale of a farm to them. The parties entered into a purchase and sale agreement, and at the closing, plaintiff gave the defendants a warranty deed for the farm. Defendants then executed a demand mortgage note to a bank, secured by a mortgage on the farm. During the negotiations, defendants informed plaintiff that they were buying the farm for defendant Leo Henry's brother, and that they wished to minimize their financial liability as much as possible. Accordingly, plaintiff's agent endorsed the demand mortgage note personally and on behalf of plaintiff. Moreover, the demand note was executed to cover a period of ninety days as temporary fi-

nancing, to enable defendants time to arrange permanent financing on behalf of Leo Henry's brother.

Defendants were unable to obtain permanent financing and failed to make payment on the note. Plaintiff paid the bank under its endorsement of the note, and the bank assigned its mortgage interest in the farm to the plaintiff. Plaintiff then brought a foreclosure action against the defendants. A judgment of foreclosure was entered, and the court established a period of redemption pursuant to 12 V.S.A. § 4528. Defendants kept possession of the farm during the redemption period, but did not redeem the farm. After the period of redemption expired, a certificate of nonredemption was issued and plaintiff repossessed the farm.

Claiming that the amount awarded in the foreclosure action was greater than the value of the farm on the date the period of redemption expired, plaintiff brought suit to recover the deficiency under 12 V.S.A. § 4532(d). At trial, over plaintiff's objection, defendants testified that during the negotiations for the purchase and sale agreement, the parties had orally agreed that if defendants were unable to obtain permanent financing, plaintiff's recovery of the farm by foreclosure on the mortgage note, coupled with the deposit received from defendants, would serve as full satisfaction of any debt defendants might owe plaintiff after foreclosure. In other words, defendants contended that plaintiff induced defendants to purchase the farm by agreeing to waive its right to bring a deficiency action. Plaintiff argued that admission of this testimony violated both the parol evidence rule and the Statute of Frauds. Defendants premised their waiver claim on the theory of promissory estoppel. The trial court admitted the evidence and charged the jury by special interrogatory to determine whether the parties had orally agreed that plaintiff would recover title to the farm in full satisfaction of defendants' debt. The jury concluded that such a "side deal" had occurred and found for the defendants even though it concluded that a deficiency existed. Judgment was entered for defendants, and plaintiff brought this appeal.

Plaintiff contends that the evidence of oral agreement to take back the farm was inadmissible under the parol evidence rule. The parol evidence rule is well settled in Vermont. "[W]hen contracting parties embody their agreement of sale in writing evidence of a prior or contemporaneous oral agreement is not admis-

sible to vary or contradict the written agreement." *Hathaway* v. *Ray's Motor Sales*, 127 Vt. 279, 282, 247 A.2d 512, 514 (1968) (citation omitted). The same principles have been applied to negotiable instruments. "[A] negotiable instrument which expresses on its face an absolute promise to pay cannot be cut down into a conditional promise, or enlarged, varied, or contradicted by evidence of a prior or contemporaneous parol agreement . . . ." *West Rutland Trust Co.* v. *Houston*, 104 Vt. 204, 207, 158 A. 69, 71 (1932) (citations omitted). Further, the "law presumes the writing to contain the whole agreement." *Economou* v. *Vermont Electric Coop.*, 131 Vt. 636, 638, 313 A.2d 1, 3 (1973) (citing *Wood* v. *James*, 93 Vt. 36, 40, 106 A. 566, 568 (1918)).

The oral agreement in question was a prior parol agreement and was not embodied in any of the written agreements. Under the parol evidence rule, any testimony concerning this agreement is clearly inadmissible, and therefore, the trial court erred by admitting it.

■ An obscure promissory note exception to the parol evidence rule, previously recognized in this state, is no longer valid. In *Labbee* v. *Johnson*, 66 Vt. 234, 28 A. 986 (1894), this Court recognized a promissory note exception to the parol evidence rule. The Court held that the "maker of a promissory note may always show the terms and conditions on which it was delivered" through the use of parol evidence. *Id.* at 236, 28 A. at 986 (citations omitted). The *Labbee* exception was codified and adopted by the legislature as the law of Vermont in 1912, with the passage of the Uniform Negotiable Instruments Law (UNIL). G.L. § 2890. That section stated, in relevant part, that, "[a]s between parties . . . the delivery may be shown to have been conditional or to special purpose only, and not for the purpose of transferring the property in the instrument." The section was renumbered three times, although the wording of that section remained intact. G.L. § 7153 (1933); V.S. § 5461 (1947); 9 V.S.A. § 316 (1958). In 1966, the Vermont legislature repealed the UNIL, including 9 V.S.A. § 316, and replaced it with the Uniform Commercial Code (UCC). 1966, No. 29 (Spec. Sess.), § 1. The traditional parol evidence rule was preserved in the UCC with regard to contracts for the sale of goods. 9A V.S.A. § 2-202. However, the legislature did not add to the UCC parol evidence rule any provision that would preserve the promissory note exception previously incorporated into the UNIL. But see 9A V.S.A. § 3-306(c) (one not a holder in due

course takes the instrument subject to defenses which could conceiveably be established by parol evidence); 9A V.S.A. § 3-415(3) (an accommodation party may use oral proof to show the accommodation character).

Further, the modern trend of this Court in cases based upon negotiable instruments supports adherence to a more traditional and reasonable approach to the parol evidence rule. *West Rutland Trust Co.* v. *Houston,* 104 Vt. at 207, 158 A. at 71; *Citizens Savings Bank & Trust Co.* v. *Paradis & Sons,* 102 Vt. 114, 117, 146 A. 3, 4 (1929); *Alexander* v. *Chevalier,* 98 Vt. 230, 234, 126 A. 498, 499 (1924). All three of these cases state an identical rule that "a negotiable instrument which expresses on its face an absolute promise to pay cannot be cut down into a conditional promise, or enlarged, varied, or contradicted by evidence of a prior or contemporaneous parol agreement . . . ." See, e.g., *West Rutland Trust Co.,* 104 Vt. at 207, 158 A. at 71 (citations omitted).

The *Labbee* exception is obsolete and only serves to defeat the primary purpose of the parol evidence rule. Parties to an agreement should embody all terms and conditions into the final writing. Any prior or contemporaneous agreements not included in the final writing are abrogated. We will adhere to the bright line standard set forth in *West Rutland Trust Co.,* as it eliminates the confusion created by *Labbee.* Therefore, we hereby overrule *Labbee's* promissory note exception to the parol evidence rule.

Defendants claim that the oral "take back" agreement is admissible because that parol agreement applied to a collateral writing—the purchase and sale agreement—and not the note sued upon in this case, thereby defeating the bar of the parol evidence rule. This Court recognizes that the parol evidence rule is inapplicable where the writing is collateral and the action is not based thereon, and the parties to the writing and to the litigation are the same. *Lunnie* v. *Gadapee,* 116 Vt. 261, 263, 73 A.2d 312, 313-14 (1950) (citations omitted). However, we find that the collateral writings exception does not apply here.

Although the alleged oral "take back" agreement occurred during the making of the purchase and sale agreement, it related directly to the ability of the plaintiff to bring a deficiency action under the note pursuant to 12 V.S.A. § 4532(d). As such, the parol agreement was a prior agreement to the making of the note, and the collateral writings exception does not apply. It was not included in the note and was thus waived by the defendants. It is,

of course, an established rule that extrinsic or parol evidence may be used to aid the trier of fact if a provision in a writing at issue is found to be ambiguous. *Trustees of Net Realty Holding Trust v. Avco Financial Services of Barre, Inc.*, 144 Vt. 243, 249, 476 A.2d 530, 533 (1984) (citations omitted). Defendants raised no claim of ambiguity in the writing during the trial, nor do we find any; accordingly, this issue is not before the Court.

We also recognize that proof of fraud in the inducement will defeat the bar of the parol evidence rule. *Negyessy v. Strong*, 136 Vt. 193, 194, 388 A.2d 383, 385 (1978). Although defendants here raised the claim of fraud, the trial court found no evidence of fraud. Thus, the fraud exception does not apply here.

The parol evidence rule prevents fraud and eliminates confusion in the making of written agreements. Case law and common sense dictate that parties to an agreement must embody all terms and conditions in the final writing. Any terms and conditions not included will be null and void. This Court will continue to uphold this logical safeguard.

Defendants attempt to circumvent the parol evidence rule by arguing that evidence of the oral take back agreement was admissible under a theory of promissory estoppel. We disagree. The doctrine of promissory estoppel is not applicable.

■ The doctrine of promissory estoppel evolved to prevent "injustice and unconscionable advantage" where an exchange of promises did not create a binding contract. *Overlock v. Central Vermont Public Service Corp.*, 126 Vt. 549, 552-53, 237 A.2d 356, 358-59 (1967). The doctrine of promissory estoppel will only apply, however, where there is no contract, "where the promise is gratuitous, and there is unbargained-for reliance." *Chomicky v. Buttolph*, 147 Vt. 128, 131 n., 513 A.2d 1174, 1176 n. (1986) (citation omitted). In this case, although the oral agreement took place prior to the execution of the note and mortgage, we cannot agree that this promise was separate and distinct from the written contracts. Rather, the oral agreement was part of the larger, binding contract, and as such, the doctrine of promissory estoppel will not apply. See *id.* To hold otherwise would completely undermine the parol evidence rule since it would allow every oral side term or agreement to be enforceable under a theory of promissory estoppel.

As the trial court was in error in admitting testimony of the parol agreement, we need not examine the other issues raised by the plaintiff.

*Reversed and remanded.*