STATE OF VERMONT

**SUPERIOR COURT**
**Windham Unit**

**CIVIL DIVISION**
**Docket No. 21-CV-00322**

**THOMAS ZIPP,**
    **Plaintiff**

    v.

**MOUNT SNOW, LTD.,**
    **Defendant**

### DECISION ON PENDING MOTIONS, and ORDER

The parties have each filed Motions for Summary Judgment, and Defendant has filed a Motion to Strike filings made by Plaintiff. The Motion to Strike is considered first.

**Motion to Strike, filed by Defendant January 10, 2023 (Motion # 9)**

Defendant moves to strike two documents filed by Plaintiff's counsel: Plaintiff's "Response to Defendant's Opposition to Plaintiff's Motion for Summary Judgment" and Plaintiff's "Response to Defendant's Statement of Undisputed Material Facts."

Defendant filed a Motion for Summary Judgment on November 9, 2022, including a Statement of Undisputed Material Facts.

V.R.C.P. 56 prescribes the requirements for a response in order to dispute a claimed undisputed fact:

> A nonmoving party responding to a statement of undisputed material facts and asserting that a fact is genuinely disputed, that the materials cited do not establish the absence of a genuine dispute, or that the moving party cannot produce admissible evidence to support the fact, must file a paragraph-by-paragraph response, with specific citations to particular parts of materials in the record that the responding party asserts demonstrate a dispute, including depositions, documents, electronically stored information, affidavits, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other admissible materials. The responding party must reproduce each numbered paragraph of the moving party's statement before including the response thereto.

V.R.C. P. 56 (c)(2).

Such a response is due 30 days after the filing of the motion. V.R.C. P. 56 (b).

1

Plaintiff did not file a response to the Defendant's Statement of Undisputed Facts within the time and in the manner set forth by the rule, but did file an Opposition in the form of a legal memorandum on November 23, 2022. Defendant filed a Reply memorandum to Plaintiff's Opposition on December 21, 2022.

Then on December 28, 2022, Plaintiff filed two documents. One is a "Response to Defendant's Statement of Undisputed Material Facts." A few of the numbered paragraphs are indicated to be "disputed" and are accompanied by representations of different or additional facts but without any citations to the record. The other is labeled "Plaintiff's Response to Defendant's Opposition to Plaintiff's Motion for Summary Judgment." It states in part, "with the leave of the Court, Plaintiff submits its stand alone pleading responding verbatim to those of Defendant's Undisputed Material Facts which are in dispute."

Defendant filed a Motion to Strike both documents on the grounds that they are responses to Defendant's Statement of Undisputed Facts that were filed too late. Defendant also argued that they constitute an unpermitted surreply, and furthermore that the response to Defendant's Statement of Undisputed Facts is not in compliance with the Rule provisions quoted above.

During the same period, Plaintiff had filed his own Motion for Partial Summary Judgment accompanied by Plaintiff's Statement of Undisputed Facts. Defendant filed a response to Plaintiff's Statement of Undisputed Facts and a memorandum in Opposition to Plaintiff's Motion.

Plaintiff filed his Response to Defendant's Statement of Undisputed Facts out of time, and inadequately. Such a response was due by December 9, 2022. It was filed on December 28, after the filings on Defendant's Motion for Summary Judgment—motion, response, reply—had all been filed. The motion was ripe for decision. Plaintiff did not file a motion seeking permission to extend the time as required by V.R.C.P. 6 (b)(1). This rule requires a showing of excusable neglect if the motion is filed beyond the deadline. No such showing was made, and there was no attempt to seek permission or explain why it was late.[1] There was also no motion to file a surreply.

Such action is prejudicial to Defendant, as it puts a party in Defendant's shoes in the predicament of not knowing whether or not to respond to the filing; such action simply ignores the rules of filing. It can also delay the case, as it has here, and increase the opponent's fees in having to file a response or objection. Moreover, the "stand alone pleading" has some characteristics of a response to a statement of undisputed facts, but does not comply with the Rule 56 (c)(2) requirement that alleged disputes of fact must be supported with citations to the record.

The rules provide for orderly and efficient filings in the interest of clarity and efficiency in the administration of cases. The court declines to simply ignore the requirements of the rules, and therefore grants the Motion to Strike. The court has disregarded Plaintiff's two documents filed December 28, 2022.

---

[1] The language in the simultaneously filed response, "with the leave of the court," is not a motion.

2

## Cross Motions for Summary Judgment

Even excluding consideration of Plaintiff's Response filed December 28th, and reviewing only:

--Defendant's Statement of Undisputed Facts in support of its Motion,

--Plaintiff's Statement of Undisputed Facts in support of its Motion, and

--Defendant's Response to the Plaintiff's Statement of Undisputed Facts,

it is clear that there is no factual dispute as to the history of the parties' Purchase and Sale Contract and the communications that took place following its execution. The court finds it unnecessary to reproduce all of those facts here, as they are set forth clearly in the statements just referenced.

To the extent that Defendant represents that there is a dispute over facts set forth by Plaintiff, some objections are based on a claim that details are missing or there is an objection to words of description (e.g., Defendant disputes that a series of undisputed communications represent a "collaborative effort" but does not dispute the accuracy of the communications), and some describe the reason for dispute is that the statement sets forth a legal conclusion (e.g., the contract expired by its own terms). The court is able to disregard descriptive characterizations and legal conclusions in assessing whether there is a true dispute of material fact.

In short, Plaintiff and Defendant entered into a formal contract for purchase by Plaintiff of a small parcel of land (not less than .3 acre) that did not yet exist but was to be carved out of Defendant's larger neighboring parcel with boundary lines to be agreed upon. A deposit was paid, the price was fixed, a closing date was set with the right of each party to extend it for three months, and there were several obligations specified for both parties. One of the terms was that Plaintiff agreed not to raise any objection to the discontinuation of Carinthia Road in connection with Defendant's Carinthia project, to which Plaintiff was otherwise opposed. Defendant undertook the responsibility to have the parcel surveyed, to obtain all necessary subdivision permits, and to release its reservation of various rights in a property previously conveyed to Plaintiff.

Pursuant to the contract, Plaintiff extended the closing date for three months. That date passed. It is apparent that the obligations of Defendant to accomplish tasks needed for the closing were not yet done, and there was a series of communications between the parties or their agents over a period of years concerning plans for modifying the parcel boundaries and completing prerequisites for closing, including satisfying subdivision requirements and obtaining a survey and releases. There was no written amendment to the contract to enlarge or specify a new date for closing. While the efforts to prepare for closing were underway, Defendant Mt. Snow, Ltd. was purchased by another entity, Vail. Plaintiff sought to close on the transaction. Defendant, now under different ownership, declined, declaring that the contract had expired. This is a short summary only; specifics are set forth in more detail in the respective Statements of Undisputed Facts submitted for the cross motions.

3

**Defendant's Motion for Summary Judgment, filed November 9, 2022 (Motion #6)**

Plaintiff's complaint sought relief on three grounds: Breach of Contract, Vermont Consumer Protection Act, and Promissory Estoppel. Defendant seeks summary judgment on the bases that it is not bound by the contract because it had expired by its own terms, and that there was no consumer transaction.

Consumer Protection Claim. The parties dispute whether the transaction falls within the class of transactions subject to Vermont's Consumer Protection Act. Defendant argues that this was not a consumer transaction. Plaintiff argues that "land" can be the subject of a consumer protection claim. It is undisputed that the subject parcel was never placed on any market for sale, and in fact was not actually created as a separate parcel to be sold. No offer to sell was ever extended to anyone. It was Plaintiff who contacted Defendant about acquiring a small piece from Defendant's larger parcel. The court concludes that no act or practice occurred "in commerce" within the meaning of the CFA. *Foti Fuels, Inc. v. Kurrle Corp.*, 2013 VT 111. ¶21. Defendant is entitled to summary judgment on this claim.

Breach of Contract. Defendant argues simply that the contract had expired because there was no written agreement to an extended closing date, which it claims was required by the contract itself and the Statute of Frauds. Defendant does not address facts or law pertinent to Plaintiff's claim of estoppel.

Plaintiff included in his initial complaint a claim for promissory estoppel in which he alleged that one of the provisions of the contract was that Plaintiff would not oppose permits for development projects that Defendant proposed to undertake on its land that would impact other property in which Plaintiff owned an interest. Plaintiff intended to oppose the granting of permits for the project. Plaintiff alleged that he relied on the contract in not opposing those projects, and thus Defendant should be estopped from denying the contractual obligation.

Promissory estoppel can be a separate cause of action and can also be raised in conjunction with a contract claim. See *North v. Simonini*, 142 Vt. 482, 485 (1983) and analysis below. It has specific elements that must be proved. Defendant does not address the elements of estoppel, and thus he has not shown by undisputed facts that Plaintiff cannot prove entitlement to contract rights on the basis of estoppel.

Promissory Estoppel. Defendant appears to assume that the ruling it seeks, specifically that the contract had expired, obviates addressing the Plaintiff's estoppel claim. As stated, Defendant has not shown that Plaintiff has no facts to support his claim of estoppel. Therefore, Defendant is not entitled to summary judgment on either the breach of contract claim or the promissory estoppel claim.

4

In sum, Defendant's motion cannot be granted in full because the facts and arguments presented are limited to invoking consumer protection and contract principles of law without consideration of Plaintiff's claim of estoppel. Therefore, Defendant's Motion for Summary Judgment is granted as to Plaintiff's claim of consumer protection, and otherwise denied.

**Plaintiff's Motion for Partial Summary Judgment, filed November 15, 2022 (Motion #7)**

Plaintiff seeks partial summary judgment entitling him to enforcement of the contract, and to specific performance.

Defendant's counsel acknowledges that the facts relevant to resolving the parties' motions are not in dispute.[2] Defendant claims that the contract is no longer enforceable against it because it expired by its own terms.[3] Defendant relies on the Statute of Frauds and the requirement in paragraph 22 of the Purchase and Sale Contract that required any modification to be in writing and signed by all parties. The contract was signed on August 20, 2015 and called for a closing by March 31, 2016. It also provided that either party could extend the closing date for up to three months (paragraph 11). There is no dispute that Plaintiff's counsel invoked the three month extension, which meant that under the terms of the written contract, closing was to have taken place by June 30, 2016. Closing did not take place by that date.

Plaintiff alleges that Defendant is estopped from claiming it is no longer required to perform based on its conduct in continuing to work with Plaintiff's counsel after June 30, 2016 to prepare for and bring about the closing even though there was no written agreement for an extended closing date.

> Generally, changes in contracts covered by the Statute of Frauds are governed by the same formal requirements as the original contract. *Evarts v. Forte,* 135 Vt. 306, 311, 376 A.2d 766, 769 (1977). However, where the parties waive, by their words and conduct, the time limitations of the contract, the nonwritten modification does not violate the Statute of Frauds since waiver and estoppel operate independently of the statute. 6 Williston on Contracts § 856, at 232 (3d ed. 1962).

*North v. Simonini,* 142 Vt. 482, 485 (1983).

In this case, Plaintiff specifically pled a claim for estoppel in addition to breach of contract, and relies on *Hayes v. Mountain View Ests. Homeowners Ass'n,* 2018 VT 41 as providing an exception to the Statute of Frauds requirement that any alterations to the contract be in writing. In that case, the Vermont Supreme Court enforced an oral agreement, and set forth the legal requirements for enforcement of agreements for conveyance of interests in land in the

---

[2] Defendant's Memorandum in Opposition to Plaintiff's Motion for Partial Summary Judgment, page 2.
[3] Defendant asserts as a "fact" that the contract expired. However, that is not a "fact" but a legal conclusion. Defendant's counsel acknowledges this in stating Defendant's position in the last line of the Opposition: the "contract expired *as a matter of law.*" *Id.* at page 7. (Emphasis added.)

5

absence of a writing that would comply with the Statute of Frauds. These are the requirements for a claim of estoppel:

> A court may enforce an agreement regarding an interest in land if the party seeking enforcement shows "that (1) there was an oral agreement (2) upon which they reasonably relied (3) by changing their position so that they cannot be returned to their former position, and (4) the other party to the agreement knew of such reliance." Id. Enforcement in these circumstances "is justified on the ground that repudiation by one party after the other has fully performed amounts to a virtual fraud." Id. at 361, 706 A.2d at 950 (citing Restatement (Second) of Contracts § 129 cmt. a (1981) ).

*Hayes v. Mountain View Ests. Homeowners Ass'n*, 2018 VT 41, ¶ 12.

Defendant argues that the first element is not met because there was no oral agreement. The facts are clear, however, that the terms and conditions of the parties' agreement were set forth fully in writing in the August 2015 Purchase and Sale Contract. The facts are also clear that following the properly extended closing date of June 30, 2016, Defendant's agent and attorney continued to engage in the multiple steps needed to prepare for a closing and kept Plaintiff's counsel informed of the progress of those steps in numerous emails on specific details beginning on July 5, 2016 and continuing through October 23, 2019.[4] These emails unmistakably signify agreement to not only an extension of the time for closing but also to modification of the boundaries to a parcel size of .36 acres. They also induced Plaintiff's counsel to undertake tasks required to prepare for a closing. The emails also show representations by Defendant to the zoning administrator concerning the intent to close on the transaction. The responses from Plaintiff's counsel demonstrate agreement with the plans and terms set forth in the emails.

The email communications signified agreement to modified terms, including parcel boundaries and extension of time for closing, and are certainly the equivalent of an oral agreement to modify the original written contract. They are actually superior to an oral agreement because terms and dates are clearly preserved. Thus, the undisputed facts support satisfaction of not only the first element necessary for estoppel, but the second as well: reasonable reliance by Plaintiff, who undertook his responsibilities for preparation for closing throughout the entire period, signifying reliance on the emails from Defendant's counsel.

In the six weeks between September 10, 2019 and October 23, 2019, there were five emails related to finalizing preparations for closing. Then, in an email dated October 30, 2019, one week later, Defendant's counsel notified Plaintiff's counsel that Defendant Mt. Snow, LTD. had been sold to Vail, and in a subsequent email approximately one more week later, on November 7, 2019, he notified Plaintiff's counsel that the file had been transferred to Vail's attorney (Exhibit 20). It was only thereafter that Vail's attorney took the position that the contract had expired. All emails prior to that date demonstrated ongoing agreement to extension of the closing date based on undertaking all of the tasks necessary to close (i.e., marking proposed boundaries on the ground, satisfactory survey, subdivision authority including

---

[4] See the string of emails in the following Exhibits to Plaintiff's motion: Exhibits 3, 4, 5, 6, 7, 9, 10 (which also reflects agreement to enlarge the parcel from .3 to .36 acres), 11, 13, 14, 15, 17, 18, and 27.

6

exploration of boundary adjustment to prior conveyance, releases from multiple mortgage holders, and deed preparation). The court concludes that both the first and second elements of estoppel are shown by undisputed facts: there was an agreement, made through email communications, to extend the closing date until all preparations were complete and Plaintiff reasonably relied on it as shown by Plaintiff participating fully in such preparations.

It is undisputed that the third element is also met: Plaintiff changed his position in reliance on the agreement by withdrawing opposition to the Defendant's Carinthia project and refraining from objecting to land use applications related to that project. Due to the passage of time resulting from Defendant's conduct in taking extended time to prepare for closing, Plaintiff cannot be returned to his former position on this issue.

The fourth element is fully demonstrated in the series of email communications identified in footnote 4 between the parties' attorneys: Defendant's attorney and agent knew from Plaintiff's emails that Plaintiff was relying on Defendant's implicit agreement to extend the closing date until all prerequisites for closing had been accomplished,

Based on the undisputed facts, the court concludes that Plaintiff is entitled to enforce the 2015 Purchase and Sale Contract as modified by email agreements that satisfy the requirements for the estoppel exception to the Statute of Frauds.

Plaintiff seeks an order for specific performance.

In *Colony Park Assocs. v. Gall,* 154 Vt. 1(1990), the Vermont Supreme Court quoted *Johnson v. Johnson,* 125 Vt. 470 (1966) in setting forth several factors bearing on whether a request for specific performance may be granted:

> "Although specific performance of a contractual obligation follows almost as a matter of course from proof of its existence, there is provision for the exercise of a judicial discretion, based on considerations proper for equity's concern. The sufficiency of the consideration, the mutuality, certainty, and clarity, completeness, and fairness of the contract, its capability of proper enforcement by decree, and the presence or absence of any showing that it is tainted or impeachable, or that its enforcement would be unconscionable are elements relevant to the exercise of that discretion. If the chancellor has granted or denied relief by the exercise of discretion based on such equitable considerations, the result is reviewable only upon a clear and affirmative showing of abuse. 125 Vt. at 472–73, 218 A.2d at 45 (citations omitted)."

> Because specific performance is the usual remedy for the seller's breach of a real estate contract, the trial court should look to the factors listed in deciding whether to deny that remedy. "Unless some countervailing equitable consideration exists, the relief sought is usually granted as a matter of course." *Villeneuve,* 128 Vt. at 346, 262 A.2d at 925.

*Colony Park Assocs. v. Gall,* 154 Vt. 1, 6–7 (1990).

In this case, the Purchase and Sales Contract, modified by the email agreements to adjust the boundaries and parcel size and extend the time for closing, is clear and complete and satisfies all of the factors identified in *Colony Park.*

For the foregoing reasons, Plaintiff's Motion for Partial Summary Judgment is granted. Plaintiff is entitled to specific performance of the Purchase and Sale Contract modified by the email agreements regarding determination of the boundaries and parcel size.

## Order

Based on the foregoing, it is hereby ordered;

Defendant's Motion to Strike (#9) is *granted;*

Defendant's Motion for Summary Judgment (#6) is *granted* as to the consumer protection claim and otherwise *denied;*

Plaintiff's Motion for Partial Summary Judgment (#7) is *granted.* Plaintiff's counsel shall prepare a proposed form of Partial Judgment for review by Defendant's counsel pursuant to V.R.C.P. 58 (d).

The Judicial Assistant shall schedule a pretrial status conference in preparation for a jury trial on Plaintiff's remaining claims pursuant to Defendant's jury demand.

Electronically signed April 28, 2023 pursuant to V.R.E.F. 9 (d).

*Mary Miles Teachout*

Mary Miles Teachout
Superior Judge (Ret.), Specially Assigned

8